LOUISVILLE INDUSTRIAL EXPOSITION v. ROBERT A. JOHNSON, ET AL.

**Process on Infants.**
> Where infants less than fourteen years of age are parties defendant service of a summons on their father is sufficient.

**Guardian Ad Litem.**
> The court does not secure jurisdiction over infants by the service of a summons on a guardian ad litem appointed for them. Such a guardian can only be appointed after the service of process is had on them.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 23, 1879.

OPINION BY JUDGE HARGIS:

As to the children of Robert A. Johnson we think it is clear that the service of process was sufficient. It is true he was a party, and the service on him was as a party, but this made no difference. The sole object of the requirement that process against infants under 14 years of age shall be served on some third person was that notice of the suit should be brought to some one who would feel sufficient interest in the infant to appear and make defense of his interests, or cause it to be done. The summons in this case notified the father that his children had been sued, and thus accomplished all that could have been accomplished if he had not been a party.

In *Shaefer v. Gates,* 2 B. Mon. 453, process was not served on the infants in person, but was served on their guardian ad litem, who was not a party. The question was whether that substitutionary service was sufficient, and the court held it was not. Denny had been appointed guardian ad litem after the process was issued, and had not accepted. He occupied no relation to the infants that made it his duty to defend for them or which authorized service to be made on him for the infants. But in this case Robert A. Johnson was one of the persons designated by law to be served with process against his children, and stood in the same position in that regard that the guardian ad litem would have occupied if he had accepted the trust, and had then been served for the infants, which, according to the doctrine of Gates and Bustard would have been good service.

As to the children of Mrs. Johnson by her former marriage there is more room for doubt, but we incline to the opinion that it might be presumed that their step-father had the care and control of them.

Nor are we prepared to say that the service on the guardian was not good as to all in a case like that, for the sale of their real estate. True, service upon him for them seems an idle formality. But when we consider the nature of the proceedings, and the fact that the garnishee might have proceeded ex parte in the name of himself and wards, and without process in any form against them, to procure a judgment to sell their property, it does not appear so absurd to hold that process against them might be served on him as guardian to bring them into court where they could have the benefit of defense by guardian ad litem.

In our opinion the service of process upon the infant and his father or guardian in such a case is sufficient, and the judgments appealed from are *affirmed*.

*H. C. Pindell, for appellant.    P. B. Muir, for appellees.*