CASE 88—PETITION EQUITY—JANUARY 14.

# Ogden, &c., v. Stevens, &c.

APPEAL FROM BALLARD CIRCUIT COURT.

1. A JUDGMENT AGAINST AN INFANT can not be vacated or modified upon his application, either during his minority or after he arrives at age, for errors appearing in the record. To correct such errors the remedy is by appeal.

2. SALES OF INFANTS' REAL ESTATE—VALIDITY OF JUDGMENT.—Where a wife who owned jointly with her husband a tract of land sold by him failed to unite with him in the deed to his vendee, and after the death of both the grantor and his wife the grantee brought suit against their infant heirs asking either that the contract be rescinded or that a commissioner be required to execute a deed to him on behalf of the infants for the interest descending to them from their mother, it appearing that the infants had received assets from their father equal in amount to the value of the land, for which they would be required to account in the event of a rescission, and the statutory guardian having asked for that reason that a commissioner be directed to execute a conveyance on behalf of the infants, a judgment to that effect was not void.

3. THE JURISDICTION OF THE CHANCELLOR TO SELL THE REAL ESTATE OF INFANTS is derived solely from the statute, and a sale made in any other way than that provided by statute is void and passes no title.

NICHOLS & WORDEN FOR APPELLANT.

1. Where the error appears in the record the remedy of the infant is by appeal. It is only where the error does *not* appear in the record that he is entitled to a modification of the judgment by the court that rendered it. (Civil Code, secs. 514, 518, 391, 520,

745; Anderson v. Anderson, 18 B. Mon., 97; Richards v. Richards, 10 Bush, 619.)

2. Mere *error* in the former proceedings does not entitle the infant to relief. He must show an *actual injustice.* (Richards v. Richards, 10 Bush, 619.)

There was no injustice in requiring appellee to convey the land to Hunt, who had paid her father for it, she having received her share of the one thousand dollars he had paid for the land.

BUGG & WICKLIFFE and WM. DANA for appellee.

Cited in support of the judgment:
Carroll's Code, secs. 391, 518, 521; Allen v. Troutman, 10 Bush 61; Newland v. Gentry, 18 B. M., 666.

CHIEF JUSTICE PRYOR delivered the opinion of the court.

S. K. Wakefield and his wife owned, by a regular conveyance made to them jointly, a tract of about 100 acres of land. The husband (Wakefield) sold the land to one Hogg, placing him in possession, and making him a general warranty deed in his name only.

Hogg sold the land to Hunt, the latter assuming to pay Wakefield the purchase money then due, which was done.

Wakefield and his wife died leaving two children, Ella Stevens and W. H. Wakefield.

After the death of Wakefield, Hunt, ascertaining that his title was defective, brought his action in equity claiming a return of his money, or a conveyance to him by a commissioner of the court in behalf of the infant children, or so much as passed to them by descent from their mother.

Process was served on the infants and an answer filed by their statutory guardian, in which the sale of the land is admitted, and an averment that it would be to the interest of the infants to leave the sale undisturbed, as they had received by descent from their father assets of the full value, or of as much value as the land in controversy.

Proof being taken, the chancellor directed a conveyance of the interests of the infants, by a commissioner, to Hunt, and, if the chancellor had the power to render such a judgment, the present action should have been dismissed.

Hunt, who had obtained title to the land in this manner, sold it to the appellant, Ogden, who is in the possession.

The two children of Mr. Wakefield bring this action against Ogden, in which they seek to vacate the judgment in the case of Hunt against them, alleging they were infants at the time of the judgment; that the sale was by parol, and that the entire tract belonged to their mother, and the only interest their father had in it was an estate for life.

During the progress of the case it appeared that their father owned one-half the land, and, therefore, the controversy was as to the interest of the mother, and one of the children, W. H. Wakefield, failing to sue within time, having arrived at age more than a year before suit, his complaint was dismissed, and a judgment rendered in favor of his sister Ella (now Mrs. Stevens) for the one-fourth of the tract of land, and from that Ogden appeals.

Section 518 of the Code provides that a judgment may be reversed or modified by the Court of Appeals for errors appearing in the record, and, by a subsequent provision, an infant has, within twelve months after arriving at age, the right to prosecute an appeal. Section 518 provides: "The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it— * * * * 5. "For erroneous proceedings against a person under disability, except coverture, if the condition of such defendant do not appear in the record, nor the error in the proceedings."

It follows, therefore, that, under these provisions of the Code, to procure a vacation or modification of a judgment

by the court rendering it, some fact or facts must be alleged showing grounds for vacating or modifying the judgment that did not appear in the proceedings in which the judgment sought to be vacated was rendered; and the remedy in such a case is by an appeal on behalf of the infant or guardian at any time during minority, or by the person who was an infant, within twelve months after arriving at age.

This court has frequently held, and particularly in the late case of Kinslow v. Grove, *ante*, 266, that the jurisdiction of the chancellor to sell infant's real estate is derived solely from the Code or statute, and that any other mode is void and passes no title.

In the present case it appears that the action by Hunt was to recover back his money or obtain a perfect title to the land.

The guardian, seeing the liability of the infants upon the warranty of title by their father by reason of assets descended to them, and the testimony showing the entire tract was not worth exceeding $800, asked that Hunt be required to take the land, as the infants would be compelled to refund the $1,000 paid their father by Hunt and his vendor. It was, in fact, set up as a defense to the claim of Hunt for a cancellation of the deed, and it can not, therefore, be said that the judgment was void. It is only on the ground that the judgment in the case of Hunt was void that this action can be maintained either against Hunt or Ogden, for, if erroneous, the remedy was by an appeal, the same facts being relied on for modifying the judgment by this proceeding that appeared in the action by Hunt. Section 391 of the Civil Code provides that an infant, other than a married woman, within twelve months after attaining twenty-one years of age, may show cause against a judgment, etc., but

the vacation of such judgment shall not affect the title of a *bona fide* purchaser under it.

Ogden stands here as a *bona fide* purchaser, with the infants claiming the right of ownership in the land, upon the ground that the court erred in rendering the judgment for Hunt, and upon the same facts upon which that judgment was based.

The judgment in the present case vacates the former judgment, and gives to the appellee, Ella, one-fourth of the land, when she had been divested of title by a judgment that stands unreversed, and leaves the innocent purchaser without remedy against her on account of assets descended to her from her ancestor. .

The testimony in the present case shows the value of the land, when purchased by Hunt, did not exceed $800, and the liability of the infants for assets received, for which they should be made to account before obtaining any equitable relief, being much greater in value.   It seems to us here is no cause of complaint by either of the children, and the judgment is reversed, with directions to dismiss the petition.

Neither the case of Anderson v. Anderson, 18 B. M., 95, nor Richards v. Richards, 10 Bush, 617, conflicts with the conclusions reached.