## Johnson, et al. v. Carroll, et al.

(Decided March 1, 1921.)

### Appeal from Russell Circuit Court.

1. Judgment—Collateral Attack.—A judgment rendered by a court having jurisdiction of the subject matter and the parties in interest, is not void, though it may be erroneous, and can not be collaterally attacked, but, is subject only to a direct attack, either by appeal, or for vacation or modification as provided by sections 344, 414 and 518, of the Civil Code.

2. Infants—Process.—When the father of an infant defendant, under fourteen years of age is dead, and he has no guardian, and the mother of the infant is living and is also a defendant, the service of a summons upon the mother, containing the name of the infant as a defendant to the action, is a service in substantial compliance with section 52, Civil Code, and brings the infant before the court.

3. Judgment—Process.—The judgment of a domestic court of general jurisdiction will not upon a collateral attack be held to be void, unless the record of the action wherein, it was rendered shows affirmatively the want of jurisdiction of the court.

LILBURN PHELPS, R. E. LLOYD and MORRIS & JONES for appellants.

J H. STONE and CRESS & CHUMBLEY for appellees.

Opinion of the Court by Chief Justice Hurt— Reversing.

This action involves the right of the appellees, William A. Carroll, Emily F. McDaniel and Jane West, to recover of the appellants, Sedalia Johnson, Addie Anderson, Ollie Anderson and W. E. Dockery, a tract of land, and which claim of right of recovery the circuit court by its judgment sustained. The land was purchased by

Paul Carroll on the 13th day of November, 1879, from one Tarter, and the vendee, Paul Carroll, caused the vendor, Tarter, to convey a life estate in the land to his wife, Nancy Carroll, and the remainder interest to his heirs. He paid only a portion of the purchase price and for the remainder executed his note, the deferred payment being shown by the deed, and a lien expressly retained to secure its payment. Subsequent to the execution of the deed, Paul Carroll became indebted to one Nelson, and to secure the payment of the debt, he and his wife, Nancy Carroll, executed a mortgage to Nelson upon the land. During the year 1881, Paul Carroll died, leaving Nancy Carroll, as his widow, and the appellees, William A. Carroll, Emily McDaniel, (*nee* Carroll) Jane West, (*nee* Carroll), and one Rosaline Carroll as his only children and heirs. Rosaline has since died intestate, leaving an only child which has long since died. The appellees, William A. Carroll, Emily McDaniel and Rosaline Carroll were children of Paul Carroll and his wife, Nancy Carroll, while Jane West was a daughter of his by a former wife. Smith Cain, as an assignee, became the owner of the two debts above mentioned, and after the death of Paul Carroll, on the 2nd day of November, 1882, brought an action in the circuit court of the county in which the land was situated and the parties resided, to enforce the liens by which the debts were secured, and to sell the land in satisfaction of the debts, and to this action he made Nancy Carroll and the appellees, William A. Carroll, Emily McDaniel, Rosaline Carroll and Jane West, the defendants. On the 3rd day of June, 1883, a judgment was rendered sustaining the contentions of Cain, enforcing the liens and adjudging that the lands be sold in satisfaction of the debts, and pursuant to such judgment and order of sale the lands were sold by the commissioner of the court on July 15, 1883, and Nancy Carroll became the purchaser at the sum of the two debts, interest and costs, and thereafter transferred her bid to one Davis, to whom, by an order of the court, made in the action, the commissioner of the court executed a deed conveying the land on December 4, 1883, and the appellants, Sedalia Johnson, et al., claim title to the land, under and through the judgment, under which the lands were sold, and the sale and conveyance made, by the authority of same, to Davis. Whether the appellants are heirs, devisees or vendees of Davis does not appear. Nancy Carrol died March 3, 1919.

The instant action being a collateral attack upon that judgment, the one question for determination is whether that judgment was void, and for that reason bestowed no title upon the vendors of appellants and did not extinguish the title of the appellees, under the conveyance made by Tarter. If the court in the action of Cain against Nancy Carroll, etc., had jurisdiction of the subject matter in litigation and all the parties in interest, the judgment could not be void, although it may have been erroneous. Of course, if a judgment is void, nothing can be either acquired or lost by it, and it neither bestows any right nor extinguishes any right which one has, and such a judgment may be collaterally assailed whenever it is offered as the foundation for an assertion of any claim or right. The distinction between a void judgment and one which is not void is that when the court attempts to render the former, a jurisdictional fact is absent, without the existence of which the court is without authority to act at all, but, if the court has jurisdiction of the subject matter, in litigation, and of the parties in interest, though its proceedings are irregular, or the conclusion as to law and facts is erroneous, so much so, that a reversal of the judgment would be had upon appeal, or it would be vacated or modified, if such was attempted, in the ways provided by the Civil Code, yet, such a judgment is not void, but is merely erroneous. When a court is clothed with jurisdiction, its judgment, being presumed to be sound, can not be called in question, except in the ways provided by the Civil Code and that is by an appeal or by proceedings to vacate or modify it, as authorized by sections 344, 414 and 518 of the Civil Code. These methods are usually denominated direct attacks in contradistinction to any other method of attack upon a judgment, and any other method of attack is a collateral one against which a judgment of a court having jurisdiction is immune. Harrod v. Harrod, 167 Ky. 308; Baker v. Baker, etc. 162 Ky. 694; Duff v. Hagin, 146 Ky. 792; Ratliff v. Childers, 178 Ky. 107; Cheatham v. Whitman, 86 Ky. 614; Bentley v. Stewart, 180 Ky. 23; Fraize v. Walls, 180 Ky. 168. The attack made upon the judgment, by the authority of which the lands were sold, being distinctly a collateral one, so far as this action is concerned, the judgment must necessarily be held to be valid and to have extinguished any rights, which the appellees may have once had in the land, unless the judgment is in fact void, and not merely erroneous, and being a judgment of a domestic

court of general jurisdiction, an attack upon it collaterally can not be sustained, unless the record in the action, in which it was rendered, affirmatively shows the absence of jurisdiction in the court which rendered it. Maysville Big Sandy Company v. Ball, 108 Ky. 261; Bamberger v. Green, 146 Ky. 258; Sears v. Sears, 95 Ky. 173; Dennis v. Alves, 132 Ky. 345; Harrod v. Harrod, *supra*.

The grounds upon which it is contended that the assailed judgment is void are set out in seven paragraphs of an amended petition, which allege that number of irregularities in the proceedings which precede the judgment, but the trial court sustained a general demurrer to each of these paragraphs, except one, and without adverting to the matters alleged therein, it is sufficient to say that the demurrer was properly sustained, because neither of the paragraphs to which the demurrer was sustained contained an allegation of the absence of any fact which was necessary to give the court jurisdiction of the subject matter and the parties, and certain of the failures which were relied upon as irregularities are not such in an action of the character in which the judgmgent was rendered. The paragraph of the petition, to which the demurrer was overruled, contained an averment that the judgment was void because the three appellees and their deceased sister, Rosaline Carroll, who were the owners of the remainder interest in the land, subject to the lien for the purchase money, and the life estate of Nancy Carroll were never summoned to answer in the action, and for that reason the court did not acquire jurisdiction of them and was without authority to adjudge a sale of the land. The record in that action shows that Nancy Carroll was the surviving widow of Paul Carroll, that the appellees and Rosaline Carroll were infants, and had no guardians, and that their father was dead, and that Jane West though an infant was then a married woman and the wife of Enoch West who was joined with her as a defendant. The record, also, shows that a summons was issued for Jane West and her husband and the return of the officer thereon is to the effect that the summons was executed upon her by delivering to her a copy, as well as to her husband, and this is not disputed. The petition, also, alleges that she was then above the age of fourteen years, and hence there could be no doubt of the court having acquired, before rendering the judgment, jurisdiction of her. A summons was issued against Nancy Carroll, W. A. Car-

roll, Emily Carroll, now McDaniel, and Rosaline Carroll and the return of the officer upon the summons is as follows: "Executed on Nancy Carroll, W. A. Carroll, Rosaline Carroll and Emily F. Carroll by delivering to each of them a true copy of this summons, this 10th day of November, 1882." There is no explicit averment in the petition that Nancy Carroll was the mother of the three infant defendants, as that can only be inferred from the fact that she was the widow of Paul Carroll, their father, but, the record does not show, that she was not their mother. The petition further alleges, that William A. Carroll was above the age of fourteen years, and Emily and Rosaline were each under the age of fourteen years. Hence, so far as the record shows, the service upon William A. Carroll was in accordance with the requirements of the Code, as well as the service of the summons for Emily and Rosaline, as will be hereinafter shown, and the record therefore does not affirmatively show, that the court was without jurisdiction. The undisputed facts are, however, that Nancy Carroll was the mother of William A., Emily F., and Rosaline, and each of them, was under the age of fourteen years. Hence, in determining whether the court had jurisdiction of them, when it decreed a sale of the land, and whether they had been properly brought before the court by summons, as provided by section 52, Civil Code, we will treat the three as being, each under the age of fourteen years, as in fact they were. Before the judgment was rendered an affidavit, of the attorney for the plaintiff Cain, was filed in which it was deposed that William A. Carroll, Emily F. Carroll, now McDaniel, Jane West and Rosaline Carroll were infants and had no guardians in this state. A guardian *ad litem* was appointed for them, and he filed the usual answer to the effect that he had examined the record and knew of no defense to the action which could be made for them.

It is insisted that the return of the officer upon the summons against William A. Carroll, Emily Carroll, now McDaniel, and Rosaline Carroll shows that it was not served upon their mother for them as required by section 52 of the Civil Code, when under fourteen years of age and in the absence of a father or guardian, but that the service was upon them personally, and they each being under the age of fourteen years, such service did not give the court jurisdiction of them, and the appointment of a

guardian *ad litem* was not authorized, until some one was summoned for them as required by the Code provisions, *supra*. Hence the only question to be determined, and which determines whether the judgment of the court was void, is whether or not the service of the summons, as shown by the return, substantially complies with the requirements of the Code, and thus gave to the court jurisdiction of the persons of the three infant defendants. Not having any statutory guardian, and their father being dead, and they each under the age of fourteen years, their mother, Nancy Carroll, was without question the party upon whom a summons for the three infants should have been served. Section 52, *supra,* is as follows: "If the defendant be under the age of fourteen years the summons must be served on his father, or, if he have no father, on his guardian; or, if he have no guardian, on his mother; or, if he have no mother, on the person having charge of him." The case of Rodgers, etc. by etc. v. Rodgers, Admr. 17 K. L. R. 358, presented a similar state of facts upon the record. The petition showed that the father of the infants was dead, that Annie Rodgers was their mother, but did not show that they had no guardian. Annie Rodgers was, also, a defendant in the action and the return of the officer upon the summons was as follows: "Executed April 12th, 1892, on Sophia Rodgers, Catchie Rodgers, Mary Rodgers and Annie Rodgers, by giving to each of them a copy of this summons." The three first named were infants and under fourteen years of age. This court after holding that although the petition did not show that the infants had no guardian, it was presumed that there was none from the action of the officer in executing the summons upon the mother as the presumption was that the officer had performed his duty as by law required, then said: "It is true that the return shows that a copy of this summons was unnecessarily delivered to each of the infants, and that it fails to show that the copy delivered to Annie Rodgers was delivered to her as their mother, still we are of the opinion that within the reason and spirit of previous adjudications of this court, the service of the summons as shown by the return was good against these infants." One of the previous adjudications was that of Cheatham v. Wirgman, 86 Ky. 614, in which a proceeding under the Code of 1851 was dealt with. The provisions of that Code required in an action against an infant under fourteen years of age, that the

service of a copy of the summons against an infant should be made upon the father or guardian if such there were; also. The father of the infant in that case was a defendant in the action in which the assailed judgment was rendered, as the mother of the infants was a defendant in the case in which the assailed judgment in this action was rendered, and the officer made a similar return upon the summons to the one under consideration here. This court held the service upon the infant sufficient, and referring to the Code, said: "Undoubtedly the object of this provision was to bring notice to one who would naturally feel interest in the infant to see that his rights were protected. The purpose of a summons is to give notice." In the opinion it was further said: "In the case now in hand, while the father of the infants was a party to the suit, yet the return on the summons does not show that it was served on him as the father of the infant defendants. It was executed on him as a party to the suit. But considering the reason for the rule furnished by the Code, why was not this sufficient as to the infant? They together with the father were named in the copy of the summons, that was delivered to him, as defendants. He was thereby notified that they had been sued. There was no need of delivering a second copy to him as their father. The reason of the law had been fulfilled and its object accomplished." A similar holding was made in Louisville Industrial Exposition v. Johnson, 10 Ky. Op. 333; Bailey v. Fanuing Orphan School, 12 K. L. R. 644 and in Donaldson v. Stone, 11 R. 27. Previous to the Code of 1851 it was not necessary to personally serve an infant, under fourteen years of age, with a summons, and if a guardian *ad litem* was appointed and defended for him, the judgment rendered was held not to be void but merely erroneous. Bank of U. S. v. Cochran, 9 Dana 397; Benningfield v. Reed, 8 B. M. 102; Bustard v. Gates, 4 Dana 429.

Under the Code of 1851 the legislature provided for more certainty for the defense of an infant's rights by requiring the summons when the infant was under fourteen years of age to be served upon him and, also, served upon his father or guardian, and under the present Code, sec. 52 thereof which was in force when the action of Cain v. Nancy Carroll, etc., was instituted, requires that the summons for an infant, under fourteen years of age, be served upon the father; and if no father, on his guardian; and if no guardian, on his mother; and if no mother, on

the person having charge of him, the purpose being to give notice to the person having the greatest interest in the infant, of the pendency of the action, and the provision of the present Code dispensed with any necessity of a service upon the infant himself as being a useless thing to do, where one was of such tender years. In the action of Cain v. Nancy Carroll, etc., the summons that was directed against the infant defendants, who were her children and under fourteen years of age, contained her name as a defendant, and, also, the names of each of the infants as defendants, and when a copy of it was delivered to Nancy Carroll, the mother, it necessarily conveyed to her the information that her infant children had been sued and communicated that notice which was intended by section 52, *supra*, and it would have been a useless matter to have delivered to her another summons for each of the infants. The delivery to her of a summons containing the names of the infants as defendants to the action, in the language of Cheatham v. Wirgman, *supra*, fulfilled the reason of the law and accomplished its object. Under the doctrine of the foregoing cases the service upon the three infant children of Nancy Carroll, two of whom are appellees here, by delivering to Nancy Carroll a copy of the summons, although her name was embraced in it as one of the defendants, was a sufficient service under section 52 of the Code upon the three infant defendants, and brought them before the court, and the delivering of a copy of the summons to each of the infants, as it appears the officer did, while unnecessary, did not affect the validity of the service which was accomplished by delivering to the mother a copy of the summons containing the names of each of the infants as defendants, and the court thus having jurisdiction of the subject matter of the action as well as persons of the defendants, its judgment decreeing a sale of the land was not void, although for irregularities and errors in it, it might have been reversed upon appeal.

The judgment must therefore be reversed and remanded with directions to set aside the judgment appealed from and to dismiss the action.