## Oliver, et al. v. Belcher, et al.

(Decided November 7, 1924.)

### Appeal from Muhlenberg Circuit Court.

1. Judgment—Only Void and Not Voidable Judgment May be Collaterally Attacked.—Only void and not voidable judgment may be collaterally attacked.

2. Judgment—Action Held to Involve Title to Land so that Adjudication was Not Open to Collateral Attack.—Action held not simply one to settle alleged partnership business, but one in which title to land was in issue under pleading, so that adjudication as to title was not void as to party to action so as to be subject to collateral attack.

3. Infants—Code Provisions for Divestiture of Infant's Title Inapplicable where no Title Ever Vested in Infant, and Irregularities in Procedure were Immaterial.—Where infant's father never owned land, as adjudged by court, no interest therein ever vested in infant, and Code provisions for divestiture of infant's title to land were inapplicable, and it was wholly immaterial to her that court erred in treating answer as cross-petition and in ordering conveyance of the land.

T. O. JONES for appellants.

BELCHER & BELCHER, E. A. TAYLOR, T. J. SPARKS and S. C. EAVES for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

By this action appellant attacks collaterally the validity of a prior judgment of the Muhlenberg circuit court, wherein she was adjudged not to own the interest she now claims in a tract of land situated in Muhlenberg county. Hence the sole question presented by this appeal from a judgment dismissing her petition is, whether the

prior judgment is void, since if voidable only she cannot thus attack it under the repeated decisions of this court, as counsel agree.

The former action was instituted by John S. Miller as administrator of appellant's father, T. J. Littlefield, against Mrs. Cordie Humphrey, decedent's known creditors, and the appellant, his only child and heir.

Appellant, though then an infant, now admits as the record discloses, that she was made a party defendant to that action and properly summoned therein by substituted srvice of process, and that a guardian *ad litem* was appointed and defended for her.

As the land is located in Muhlenberg county, it would seem that the Muhlenberg circuit court, which rendered the judgment, had jurisdiction, both of the subject matter of the litigation and the person of appellant, and that as a consequence, under the many decisions of this court, the judgment even if erroneous is not void and therefore not subject to collateral attack. But the appellant insists that the land here involved was not the subject matter of the litigation, and that as a consequence the judgment is void because the action was instituted simply to settle an alleged partnership business conducted by her father and Mrs. Humphrey on the land, that the question of whether she or her father owned the land was not in issue or presented to the court for decision, and that she was neither a necessary nor proper party to that action.

We need not decide whether the judgment would be voidable only if as claimed the petition merely sought a settlement of an alleged partnership which did not involve the title of appellant or her father to the land described in the petition, since this is not true. The allegations of the petition, in substance, are that:

Decedent died intestate, a resident of the county, seized and possessed of an undivided one-half interest in the described tract of land and that plaintiff was duly appointed administrator of his estate; that appellant was his only child and heir; that the land was owned at decedent's death by him and Mrs. Humphrey, as partners in the sawmill business; that there had never been a settlement of the partnership; that no assets had ever come into the administrator's hands from the decedent's estate; that he was individually indebted in certain amounts to the defendant creditors, and in unknown amounts to other persons unknown to plaintiff; that the

firm of Humphrey & Littlefield was largely indebted to various parties unknown to plaintiff; that appellant was an infant under 14 years of age; that she had no father, mother, guardian, curator or committee, and that her grandfather, Ive Humphrey, was her custodian.

The prayer was for a settlement of the partnership affairs of Humphrey & Littlefield, that there be a reference to the master for that purpose, and that if its assets were insufficient to pay its debts, the realty be sold, "and for all general and proper relief."

It is therefore clear from the petition alone that the purpose of this action filed by decedent's administrator against his creditors, partner and only child, was to settle his estate and sell the described land to pay his debts, and that the effort to settle his partnership affairs was but a necessary incident thereto.

This being true, appellant as the only heir of one of the joint owners of the land sought to be sold for either the individual or partnership debts of her father, and the question of his title thereto and her right to inherit same as his heir, were a part at least of the subject matter of the litigation. Besides, an answer was filed for defendant by her guardian *ad litem,* which is not now in the record, and the judgment recites she claimed an interest in the land, from which it would be conclusively presumed, on collateral attack, if that were necessary to sustain the judgment, that her answer in defense of her apparent right of inheritance put in issue the allegations of the petition that the land was owned by her father and Mrs. Humphrey as partners in the sawmill business, that there were individual debts against her father's estate without assets other than his interest in the land to pay them, which allegations if undenied not only rendered the land liable for sale to pay the partnership debts of her father under the specific prayer of the petition, but also for the individual debts therein set up under the general prayer for all proper relief.

In addition, Mrs. Humphrey by her answer treated as an answer to the petition simply and not as a cross-petition against appellant, as her counsel claims it must be treated, not only traversed the allegations of the petition that the land was owned jointly by her and decedent as partners in the sawmill business but denied that he owned any interest therein except as thereinafter set out, and then pleaded facts which if true showed that although appellant's father held the legal title to one-half

of the land, he in fact owned no equitable interest whatever therein.

Besides, she not only did not oppose a sale of the land, but alleged that decedent had never paid any part of the purchase money, and asked that any interest he might have under the joint deed to him and her, and under which appellant now claims, be adjudged in lien for same and other claims asserted by her.

Both individual and partnership debts against decedent's estate were asserted, proven, and allowed upon a reference to the master. As the judgment recites, the case was then submitted upon the issue made upon the pleadings, exhibits and proof and the court only rendered judgment with reference to the alleged title of appellant and her father to the land, it is conclusively established, not only by the petition, but by the entire record in the case, that the title of appellant's father to the land and her right to same as his heir, was the chief subject of the litigation, since unless appellant's father owned it at his death, the main, if not the only purpose of the petition, was defeated.

It follows there is no merit in this or any other of appellant's contentions, since as her father never owned the land as adjudged, no interest therein ever vested in her as his heir, and the Code provisions for the divestiture of an infant's title to land are inapplicable, and it is wholly immaterial to her even if the court erred in treating Mrs. Humphrey's answer as a cross-petition and in ordering the master to convey to her an interest in the land which her father at his death did not in fact own. Marion Gee v. Anna Womack, 203 Ky. 718, 263 S. W. 6.

Judgment affirmed.