## Mussman v. Pepples.

(Decided December 20, 1929.)

W. H. NEWELL for appellant.

LEWIS F. BROWN for appellee.

Opinion of the Court by Judge Clay—Reversing.

Josephine Pepples, now Josephine Pepples Mussman, sued her husband for divorce and alimony in the Lincoln circuit court. On final hearing she was granted a divorce and awarded alimony. Several years later an execution which issued on the judgment was sent to the sheriff of Kenton county to be levied on the property of her husband. Thereupon her husband brought this action in the Kenton circuit court to enjoin the levy of the execution. Briefly stated, the facts pleaded in the petition are these: On September 17, 1920, plaintiff was residing with his wife in Covington, Kenton county, and both had been for more than a year prior to that date actual and continuous residents of that county. On September 17, 1920, plaintiff sued his wife in the Kenton circuit court for divorce. His wife, the defendant in that action, signed and filed an answer on September 27, 1920. Final judgment was rendered on April 4, 1921. "Without notice to him, and never served with process of said court, other than suit No. 21614 in Kenton circuit court will reveal (this being the suit for divorce hereinbefore recited)," the defendant Josephine Pepples fraudulently went down to Stanford, Lincoln county, on Febru-

ary 18, 1921, five or more months later than the suit was brought in Covington, Ky., and after she had filed her answer and an agreed order in the case, brought suit in the Lincoln circuit court styled "Josephine Pepples v. Wm. C. Pepples," a copy of the petition being filed in the suit pending in the Kenton circuit court, and the Kenton circuit court having jurisdiction same was so determined and decided by the judge. The sheriff of Kenton county has in his hands an execution for $2,634-71 issued from Lincoln county alleged to be due Josephine Pepples by reason of the judgment in the divorce suit she instituted in that county, and she will levy the execution on plaintiff's real estate unless enjoined immediately from so doing. Josephine Pepples, whose present name is unknown at the time of the filing of the suit in Lincoln county, was not a resident of that county, but was a resident of Kenton county, and had been for years prior thereto. Her husband, the plaintiff, was also a resident of Kenton county and still is. When the suit was filed in Lincoln county, Josephine Pepples had been for many months prior thereto a defendant in the action for divorce in the Kenton circuit court. She had filed her answer in said cause prior to the filing of her suit in Lincoln county. She wrote a letter on file in the records of said cause, stating that she wanted the child and a divorce but no alimony. On February 1, 1921, an agreed order was signed in said cause by both plaintiff and defendant, Josephine Pepples. Said Josephine Pepples fraudulently filed the cause of action in Lincoln county, and at this time seeks to collect the judgment illegally and fraudulently obtained. The petition concludes with a prayer that Josephine Pepples and the sheriff be enjoined from levying the execution. The defendant, Josephine Mussman, interposed a special and general demurrer to the petition. Thereafter she obtained leave to file an answer, and answered without waiving the special and general demurrer. In her answer she denied that she was a resident of Kenton county on September 17, 1920, or that she had been such for more than a year prior thereto. She denied that she filed an answer in the Kenton circuit court or that she was before the court in that case. She further denied that plaintiff was not served with notice in the Lincoln circuit court, and alleged affirmatively that summons was issued on January 3, 1921, and served on plaintiff on January 5, 1921. She further denied that she fraudulently

brought her suit in Lincoln county or that she filed said suit after she filed her answer in Kenton county, or that the Kenton circuit court had jurisdiction over her, or that she was a resident of Kenton county for some time prior to the filing of the suit in that county. In paragraph 2 she pleaded that she filed suit for divorce from William G. Pepples in the Lincoln circuit court of which she had been a resident since childhood; that upon the 5th day of January, 1921, return was made on the summons issued in that suit showing that plaintiff was duly served and was before the court in that action; that on February 17, 1921, plaintiff moved the circuit court to quash the service upon the summons which motion was overruled. She further alleged that on March 5, 1921, the judgment for divorce and alimony was rendered; this was done several months prior to the judgment in the Kenton circuit court; that the judgment of the Lincoln circuit court was in full force and effect and had not been set aside, superseded, or appealed from; and that the execution issued thereon was valid. Filed with the answer was the transcript of the record of the suit in the Lincoln circuit court. Thereafter the cause was submitted on her special and general demurrers, and said demurrers being overruled and defendants having declined to plead further, the court rendered final judgment enjoining the levy of the execution. Mrs. Mussman appeals.

The record of the Lincoln county suit discloses that the summons was executed on William C. Pepples on January 5, 1921; that on February 21, 1921, Wm. C. Pepples filed his motion to quash the summons and filed his affidavit and that of his attorney in support thereof. The basis of the motion was that Josephine Pepples was not and had not been within a period of five years a resident of Lincoln county, but was and had been during that period a resident of Kenton county. At the same time he made a motion to dismiss the action because of the pendency of the action in the Kenton circuit court. Depositions were taken tending to establish the grounds of divorce and show that Mrs. Pepples was a resident of Lincoln county. On March 2, the two motions were overruled. On final hearing the court adjudged that Mrs. Pepples was a resident of Lincoln county at the time of the filing of the action, and had been a resident thereof since March 3, 1920, and thereupon granted her

a divorce and $1,800 alimony for the support and maintenance of her and her infant child. The execution in question was issued on that judgment.

There are certain well-defined principles of law applicable to the facts of this case. A judgment of a court of general jurisdiction cannot be collaterally attacked either in the court rendering the judgment or in any other court unless the judgment be void. Oliver v. Belcher, 205 Ky. 417, 265 S. W. 942; Willis v. Tomes, 141 Ky. 431, 132 S. W. 1043. A direct attack on a judgment can only be made in the manner pointed out in Civ. Code Prac., secs. 344, 414, and 518, or by appeal, and any other attack is a collateral attack. Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728; Gardner v. Howard, 197 Ky. 615, 247 S. W. 933; Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412. To warrant a collateral attack on a judgment of a court of general jurisdiction, want of jurisdiction must appear on the record, and a pleading that merely alleges the absence of jurisdictional facts is not sufficient. It must go further and allege that the record actually shows the absence of the jurisdictional facts. Johnson v. Carroll, supra; Ratliff v. Childers, 178 Ky. 102, 198 S. W. 718. It is also the rule that such a judgment cannot be attacked outside the record, though the record does not on its face show the jurisdictional facts. Anderson's Committee v. Anderson's Administrator, 161 Ky. 18, 170 S. W. 213, L. R. A. 1915 C, 581.

When it was sought to levy the execution issued on the Lincoln county judgment, appellee merely sought to enjoin the levy on the ground that he was not served with process and that appellant was not a resident of Lincoln county. Clearly this was a collateral attack on the judgment, and he did not allege that the record affirmatively showed the absence of the jurisdictional facts. On the contrary, the record itself is a part of the pleadings. It shows that appellee was actually served with process, that he moved to dismiss the action and to quash the process on the ground that appellant was not a resident of Lincoln county, and that the court had no jurisdiction. The record further discloses that the court heard evidence on the question and decided the question of jurisdiction adversely to appellee's contention. As appellee was before the court and raised the question of jurisdiction, the court had the right to pass on the question, and if it erred in its conclusion, the judgment was merely erroneous and not void. That being true, it

is not subject to collateral attack, and the trial court erred in enjoining the levy of the execution.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.