# White et al. v. White.

May 28, 1943.

564

B. J. Bethurum for appellants.

Wesley & Son for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellee and appellants are sons of Galen E. White, who died intestate on February 18, 1898. His real estate, consisting of approximately 70 acres in Pulaski County, was sold for the satisfaction of his debts in the year 1900, pursuant to a judgment entered in an action instituted by his administrator against his heirs. His widow, Elizabeth White, was the purchaser at the commissioner's sale, and, at her death, which occurred in August, 1939, the title was acquired by appellee. Attacking as void the judgment under which the land had

been sold, and seeking a sale of the land for a division of the proceeds among Galen E. White's heirs, appellants instituted the present action on October 31, 1940. The Chancellor sustained appellee's demurrer to the petition as amended, and dismissed it, and this appeal is from that judgment.

The grounds on which it is claimed that the judgment of sale was void are: (1) That appellants "were not served with the summons in the said action on account of their infancy in the manner and form as prescribed by law and plaintiffs further charge and aver that they were never served with any summons even though the Sheriff's return on said summons shows that they were." (2) That the Court, though advised of the infancy of the appellants, failed to appoint a guardian ad litem for them. (3) That "the judge heard no proof and considered no proof in the trial of said cause either by depositions or otherwise." (4) That the property sold was the homestead of Galen E. White, and, having been appraised at $500, was exempt from the claims of creditors. (5) That the "judgment herein attacked provided that the land mentioned in the described original petition was to be sold and was sold subject to the homestead until her (the widow) death, and that by virtue of said fact that she never occupied the said property under her purchase at the commissioner's sale, but simply continued to occupy the same as a homestead and nothing more, and that therefore the remainder interest which was illegally sold by the commissioner and purchased by her did not become effective until the homestead or life estate of the widow expired at her death, and never did become effective."

I. The sheriff's return on the summons was as follows:

"Executed on the within named Elizabeth White, G. W. White, Tom White, John White, Albert White, and Peg Hargin by delivering to each of them a true copy of this summons. Jane Hargis not found in Pulaski County. This October 13th, 1899.

"/s/ C. M. Langdon, S. P. C."

If the appellants, though infants at the time the original action was instituted, were over fourteen years of age (and neither the original nor the present action discloses that they were not), the summons was properly

served by delivering to each of them a copy (Section 52, Civil Code of Practice), and the sheriff's return showing that they were served is conclusive in the absence of fraud or mistake. KRS 61.060 (KS, sec. 3760). Construing the allegations of the petition most strongly against appellants, as we must, it appears that they were over fourteen years of age at the time the first suit was filed. Moreover, the petition in the original action disclosed that their father was dead, in which event, if they were under fourteen years of age and had no guardian, the delivery of a copy of the summons to their mother was sufficient, although the return of the sheriff failed to state that the copy delivered to the mother was for the infants. Webb et al. v. Webb et al., 190 Ky. 574, 228 S. W. 13; Skidmore et al. v. Napier et al., 292 Ky. 311, 166 S. W. (2d) 439.

II. The contention that the failure of the Court to appoint a guardian ad litem for the infant defendants rendered the judgment void is conclusively refuted by the opinion of this Court in the case of Ohio Oil Co. et al. v. West et al., 284 Ky. 796, 145 S. W. (2d) 1035, and the authorities therein cited.

III. The record in the original action filed as an exhibit with the petition shows that it was referred to the commissioner "to hear proof of claims against the estate of the said Galen E. White and report his findings herein," and that the commissioner duly filed such a report to which was attached verified proofs of the claims. The original petition specifically set forth the indebtedness owed by the estate, and alleged that "the said decedent left no personal property out of which to make the said debts, and no personal property has come into the hands of this his administrator to pay the said debts." It is true that the record does not disclose the nature of the proof heard by the commissioner or whether it was reported, but since the original petition contained all the allegations essential to a valid sale of an infant's real estate under the provisions of Section 489, Subsection 1, Civil Code of Practice, and the record contains a commissioner's report showing that proof was taken pursuant to an order of Court requiring it, we have no hesitancy in holding that the judgment was not void on the ground that the allegations of the petition, pursuant to which it was rendered, were taken as confessed.

IV, V. The property was appraised at $500, and sold subject to the life estate of the widow who became the purchaser; but it does not follow that she occupied the property as a "homestead" and not as a purchaser and that the sale of the "remainder interest" did not become effective "until the homestead or life estate of the widow expired at her death and never did become effective." No one objected to the sale, and if it should be conceded that it was premature, no reason is discernable why it was void.

Appellants' failure to show that the judgment of sale in the original action was void leaves them without remedy, since a merely erroneous judgment can only be attacked directly, that is, by appeal or in the manner authorized by Sections 344, 414, and 518, Civil Code of Practice. Harrod et al. v. Harrod, 167 Ky. 308, 186 S. W. 797, 798; Mussman et al. v. Pepples, et al., 232 Ky. 254, 22 S. W. (2d) 605; Ohio Oil Co. v. West, et al. supra. As said in the case of Mussman et al v. Pepples, et al. [232 Ky. 254, 22 S. W. (2d) 606]:

> "A judgment of a court of general jurisdiction cannot be collaterally attacked either in the court rendering the judgment or in any other court unless the judgment be void. Oliver v. Belcher, 205 Ky. 417, 265 S. W. 942; Willis v. Tomes, 141 Ky. 431, 132 S. W. 1043. A direct attack on a judgment can only be made in the manner pointed out in Civil Code of Practice, secs. 344, 414, and 518, or by appeal, and any other attack is a collateral attack. Logsdon v. Logsdon, 204 Ky. 104, 263, S. W. 728; Gardner v. Howard, 197 Ky. 615, 247 S. W. 933; Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412. To warrant a collateral attack on a judgment of a court of general jurisdiction, want of jurisdiction must appear on the record, and a pleading that merely alleges the absence of jurisdictional facts is not sufficient. It must go further and allege that the record actually shows the absence of the jurisdictional facts. Johnson v. Carroll, supra; Ratliff v. Childers, 178 Ky. 102, 198 S. W. 718. It is also the rule that such a judgment cannot be attacked outside the record, though the record does not on its face show the jurisdictional facts. Anderson's Committee v. Anderson's Administrator, 161 Ky. 18, 170 S. W. 213, L. R. A. 1915C, 581."

But appellants claim that the present action is a direct attack under the provisions of Subsection 5 of Section 518, Civil Code of Practice. In the first place, the petition, in addition to attacking the judgment, seeks a sale of the land and a division of the proceeds, a fact which takes it without the category of direct attacks. Wayne v. Blumley, 190 Ky. 488, 227 S. W. 996; McFarland v. Hudson, et al., 262 Ky. 183, 89 S. W. (2d) 877. In the second place, Subsection 5 of Section 518 is, by its express terms, available only where neither the disabilities of the parties seeking relief from erroneous proceedings against them, nor the errors complained of appear in the proceedings. As before pointed out, the petition in the original action alleged that the defendants, John and Albert White, the appellants here, were infants. Appellants' only remedy, since the errors complained of also appeared in the record, was an appeal from the original judgment within twelve months from the attainment of their majorities as authorized by Section 745, Civil Code of Practice. Oliver et al. v. Park et al., 101 Ky. 1, 39 S. W. 423; Ogden et al. v. Stevens et al., 98 Ky. 564, 33 S. W. 932.

Judgment affirmed.