## Hodge v. Hodge.

April 16, 1946.

### As Modified on Denial of Rehearing

June 4, 1946.

W. R. McCoy for appellant.

Jasper H. Preece for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

In March, 1942, the appellee, Ed Hodge, instituted this action to secure a divorce from his wife, the appellant, Rebecca Hodge. Depositions for the appellee were taken. Following the report of the warning order attorney on May 20th the case was submitted, and on June 3, 1942, a judgment granting the appellee a divorce was entered as of May 28th. On September 2nd following,

the appellant filed an answer in which she denied the material allegations of the petition and set forth that she and her husband were citizens of Wayne County, West Virginia, rather than Martin County, Kentucky. Her deposition and that of two other witnesses set forth that the parties were residents of Wayne County, West Virginia. The appellee was represented by counsel when those depositions were taken. In September, 1943, the case was submitted for final judgment and the chancellor found that the parties were non-residents of Kentucky and therefore he was without jurisdiction to grant either party a divorce and for that reason he dismissed the action. The order sets forth also that the judgment which was entered on June 3, 1942, as of May 28th, was never signed by the judge of the Martin Circuit Court, or any special judge, and therefore was never a judgment in force in the action. The appellee never appealed from that ruling.

In May, 1945, the appellee served notice on the appellant's attorney setting forth he would enter a motion to have set aside the judgment entered in September, 1943, and to have stricken from the records certain pleadings, depositions and exhibits. In a second deposition the appellee stated on cross examination that he was a citizen and resident of Martin County when the suit was first filed but on cross examination his testimony on that point was much less positive . Upon a final determination of the cause in June, 1945, the chancellor granted the appellee the relief sought by setting aside the order of September, 1943, and reinstating and signing the order entered in 1942 under which the appellee was granted a divorce.

In urging reversal of the chancellor's ruling in 1945 the appellant contends that, since the term had expired at which the judgment was entered in September, 1943, the court had lost jurisdiction and had no right to set aside the judgment, unless it was void, as provided in sections 344, 414 and 518 of the Civil Code of Practice. See Mussman v. Pepples, 232 Ky. 254, 22 S. W. 2d 605. The appellee has not favored us with a brief, but we can find nothing on which a contention can be based to the effect that the judgment of September, 1943, was void. It was regular on its face and set forth that the chancellor found he had no jurisdiction of the parties because they were residents of West Virginia, and also

that the judgment entered of May 28, 1942, had never been signed. Under the circumstances, we think the appellant is amply justified in insisting that the judgment of 1945 is erroneous and should be reversed, and we so hold. If the action of the chancellor should be upheld there would be no end to the litigation of a cause. A winning party would never know when his adversary might come into court with the view of relitigating the issues theretofore determined.

Judgment reversed with directions to set it aside and for the entry of a judgment in conformity with this opinion.