## Black v. Brown et al.

## Brown et al. v. Black.

May 11, 1948.

Rehearing denied June 25, 1948.

Dodd & Dodd and Smith Barlow for appellant Nancy Dorsey Black.

Brown & Eldred and Woodward, Dawson, Hobson & Fulton for appellants Eli H. Brown, III, et al.

Woodward, Dawson, Hobson & Fulton for appellees Rose Crittenden Brown et al.

Dodd & Dodd for appellee Nancy Dorsey Black.

OPINION OF THE COURT BY JUDGE SILER—Dismissing appeal in first case, reversing judgment in second case.

Nancy Dorsey Black, appellant, sued her uncle, Eli H. Brown, Jr., now deceased, and the latter's wife, Rose C. Brown, appellee, under declaratory judgment law for a construction of the will of Sallie S. Sterett, who was Eli's great aunt and Nancy's great great aunt. The chancellor having, under judgment of June 7, 1947, construed the will against Nancy, the latter perfected her appeal. This is the first case.

But the chancellor, in rendering his June 7th judgment, set aside as void a prior judgment of February 25, 1947, which had been rendered in this same case and to the very same effect as the June 7th judgment, thereby resuscitating Nancy's right of appeal, which had died 60 days after entry of the declaratory judgment.

And so, Eli H. Brown III and others, appellants, perfected their own appeal from that part of the June 7th judgment vacating as void the February 25th judgment. This is the second case.

These two cases have been consolidated for our final disposition on appeal.

A decision in favor of the Browns on their appeal in the second case must produce a dismissal of Nancy's appeal in the first case, because if Browns' February 25th judgment was valid in its legality, then Nancy's present June 27th appeal is invalid in its unseasonableness.

These two cases began, as already indicated, in the form of one single suit by Nancy Black against Eli Brown, Jr., and Rose Brown, his wife. During the litigation, Eli, Jr., died and left his own will giving all his property to Rose. The suit was then revived as to Rose, the sole beneficiary of Eli, Jr. Then Rose renounced the will of Eli, Jr., in order that their mutual children might inherit the property of Eli, Jr. Thereafter, the Brown children, Eli III and others, together with their spouses, filed in the suit their signed agreement or petition wherein they consented "to be made parties to this action" as of February 24, 1947. The record indicates that this agreement was filed in the clerk's office as part of this suit and then treated accordingly. On that same day, February 24, 1947, an order of revivor as to the Brown children and their spouses was duly entered of record, but through inadvertance, such order was not signed by the presiding judge. On the next day, February 25, 1947, as already stated, the judgment itself was rendered, entered and signed in favor of the Browns. On June 7, 1947, Nancy attacked the February 25th judgment as void on the ground that the February 24th *order of revivor* in the suit had not been signed. The court sustained her in that attack and then re-entered the very same judgment against her. Thus, she won a battle but lost a war. The court appears to have blotted out the February 25th judgment and then, after first making a preliminary *order of revivor* against the Brown children and their spouses, he reincarnated the February 25th judgment as a June 7th judgment.

Our basic question is whether a judgment, rendered

in a suit not incorporating a formal order of revivor against necessary parties of substitution yet incorporating a signed statement saying the parties "agree to be made parties," is one of voidness.

The great scientist, George Washington Carver, an authority on many things, including peanuts, once asked himself this question: "Why did God make a peanut?" Then he answered it by discovering many things about a peanut. And so, we now ask: "Why did lawmakers provide an order of revivor?" The answer is that an order of revivor was provided to implement the issuance of process to bring necessary substitute parties into a pending suit. Plain old "hoss" sense tells us there was no other purpose. Accordingly, if the necessary substitute parties themselves walk right into a suit and say, "we agree to be made parties," then an order of revivor loses all of its force, all of its legal standing, and becomes almost as redundant as a scalpel would be in the healing hands of the Holy Christ. Therefore, in the instant case, the order of revivor, whether signed or unsigned, was *not* a thing of essentiality. The order was like a button on a coat sleeve, ornamental and harmless but not useful. Assuredly, if the conditions of this suit had necessitated, yet not provided, an order of revivor, then the judgment would truly have been void. But such was not the situation. Conditions did not necessitate an order of revivor because the agreement of the Brown heirs was, as it turned out, simply a legal process, in practical effect, upon which they, at a saving of time and cost, endorsed their appearance in the case.

And so, if the February 25th judgment came forth in a suit wherein the court had jurisdiction of the subject and the parties, then it was not a void judgment. Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412.

And if the February 25th judgment was one of validity and rendered in a declaratory judgment suit, then the power to vacate it, under the conditions presented in this case, was beyond both the circuit court and our appellate court either in behalf of Nancy or the President of the United States, after the expiration of 60 days. Ky. Civil Code of Practice, Sec. 639a-5. Theoretically, in a declaratory judgment suit, rights may al-

ways begin to vest after the period provided for appeal. Consequently, our courts are compelled to recognize some inviolability in a declaratory judgment which has matured for a period of 60 days.

Therefore, we now hold that Browns' judgment of February 25th was not void, the court having had jurisdiction of the subject and parties. Accordingly, Nancy's present appeal of June 27th is now dismissed because of its unseasonableness. And we further hold that the particular part of the judgment of June 7th declaring void the February 25th judgment is erroneous, because the trial court, as previously stated, had jurisdiction of the subject and parties prior to rendition of the February 25th judgment. Accordingly, the June 7th judgment is now reversed to the extent indicated.

The appeal in the first case is dismissed.

The judgment in the second case is reversed for entry of a substitute judgment consistent herewith.