Gladys EVANS and Ernest Evans, Appellants,

v.

Maude Hensley STEPP et al., Appellees.

Court of Appeals of Kentucky.

Feb. 10, 1956.

Bruce Stephens, Jr., Hazard, for appellants.

A. E. Cornett, Will C. Hoskins, Hyden, for appellees.

MILLIKEN, Chief Justice.

This is an appeal from a judgment refusing to set aside, as void, a judgment rendered September 12, 1936, in the case of Nettie Eversole v. Hyden Citizens Bank, which had been instituted in order to effect the settlement of the estate of A. B. Eversole, deceased.

The appellants, Gladys Evans and her husband, Ernest Evans, seek to have the Eversole judgment set aside on the ground that they were not fully informed about it at that time and had not been made parties to that action. They also seek damages against Mrs. Evans' sister, the appellee, Maude Hensley Stepp, for alleged breach of trust. The Evans claim is based on the assertion that W. H. Hyden, the father of Mrs. Evans and Mrs. Stepp, owned a two-sevenths interest in real estate included in the estate of A. B. Eversole which had been conveyed to him by two of Mr. Eversole's heirs, and that Mrs. Stepp, as co-executrix under the will of W. H. Hyden, allowed the Eversole land to be sold and did not make an accounting of the proceeds.

The truth of the matter is that W. H. Hyden, as claimant of a two-sevenths interest in the Eversole property, filed his claim to that effect in the Eversole settlement suit and died a few days thereafter. Mrs. Stepp, as his co-executrix, in order to protect the Hyden estate, promptly moved that the claim of her father be revived, and a motion to that effect appears on the order book of the court dated July 6, 1936. The record and papers in the Eversole settlement suit have been lost, but the order book shows that in addition to the motion for revivor, a motion for judgment on behalf of the Hyden estate also was made, and we are in accord with the trial court's conclusion that the claim had been revived in actual practice if not by formal order.

It certainly was in Mrs. Stepp's power as co-executrix of Mr. Hyden's estate to move for a revivor of his claim against the Eversole estate, and, upon the sale of the Eversole property, to distribute the proceeds to those entitled thereto under Mr. Hyden's will. The will provided that, as co-executrix, Mrs. Stepp was to have "at least five years within which to manage, sell, convey and settle said estate without coercion from any source." Mr. Hyden's will was executed in 1921 and enumerated his principal holdings and instructed what should be done with them. The will was not probated until 1936, had no codicils and, of course, did not mention after-acquired property such as the interest he had obtained in the Eversole property. It seems clear to us that Mrs. Stepp only did her duty as executrix in pursuing her father's interest in the Eversole property.

Furthermore, the net amount obtained for the Hyden interest in the Eversole property was allocated to her in conformity to a judgment of court after the Eversole property was sold, and it amounted to only $259.26. In the distribution of the Hyden estate, each of the beneficiaries received the sum of $4,401.53 either in money or property and signed releases to that effect at the time of the settlement in 1941. Mrs. Stepp testified that the $259.26 was a part of the cash then distributed, and

there is no material testimony to show otherwise.

It is our conclusion that the judgment is correct in substance and that the judgment in the Eversole settlement was not void, and hence could not be collaterally attacked. White v. White, 294 Ky. 563, 172 S.W.2d 72, 74.

The judgment is affirmed.