## Webb, et al. v. Trimble Bros.

(Decided April 27, 1911.)

Appeal from Letcher Circuit Court.

1. Decedent's Estates—Lien—Creditor's Not Relegated to Other Property For Payment of Debt.—Creditors in an action to enforce a lien upon a decedent's real estate are not relegated to other property for the payment of it, unless some equitable reason is made to appear why the court should have it done.

2. Same—Against Whom Action May Be Brought.—The decedent having placed the property sought to be sold in lien for his debt, his heirs may be sued instead of the personal representative.

DAVID HAYS, HAZELRIGG & HAZELRIGG, for appellants,

D. D. FIELDS for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellees were wholesale grocery merchants in Mt. Sterling, Ky., in 1893, and John A. Craft became indebted to them in the sum of $335.58 which was evidenced by two notes. At the date of the execution of the notes, or shortly thereafter John A. Craft assigned to them as collateral security, a note for $328.62 against Arch Webb. Webb and wife had executed a mortgage to Craft on about seventy-five acres of land to secure the note, and this mortgage was also assigned by Craft to appellees at the same time the note was.

Arch Webb died about 1895. The parties having failed to pay either of the notes, appellees brought an action against Nancy Webb, the widow of Arch Webb, and their six children to whom the land descended upon the death of Arch Webb, for the enforcement of the mortgage lien. The widow only answered and alleged that her signature to the mortgage was obtained by fraud of John A. Craft, and that Arch Webb was very old and impaired in mind when the mortgage was executed and was unable to enter into a business transaction. The children were not before the court by service of process, although Jason Webb testified in the action for his mother on the issues made by her. The court decided that action against Nancy Webb and rendered a judgment enforcing the mortgage lien and directing the land to be sold, which was done, and it brought more

than two-thirds of its appraised value. It appears that the sale was reported but never confirmed; that a deed was made to the purchaser but never delivered until after this action was brought. At least four of Arch Webb's children, who were all defendants to the first action, were under age at the time of the institution thereof and at the time of the sale of the land. Appellees conceiving the title to this land to be imperfect, for the purpose of obtaining a perfect one, brought this action in 1909, against the widow and all the children of Arch Webb, all of whom at that time had arrived at the age of twenty-one years, and were all served with process. The petition alleged all the foregoing facts and asked the court to confirm the title in appellees, and if that could not be done they asked for a sale of the land for their debt. The court refused to confirm the title but adjudged another sale of the land. Appellants ask a reversal of this judgment and claim that it is erroneous for the following reasons: First, because no personal representative was ever qualified to represent the estate; second, because the claim was never proved as the law required; third, because the judgment rendered therein and the sale made thereunder on the first petition on December 30, 1905, was absolutely void, and fourth, because it was the duty of appellees herein to apply the personal property of the deceased to the payment of the debt. As to the first and last reasons, it does not appear that Arch Webb left any personal estate upon which any one could administer, and if he had, as he had placed this particular property in lien, the law did not relegate appellees to other property for the payment of it, unless some equitable reasons were made to appear to the court why it should have been done. The authorities upon this point are numerous, but it is unnecessary to cite them. The affidavits required by the statutes were made by John A. Craft and also by appellees; that is, that the note was just, due and unpaid; that there was no usury embraced in it and that it was not subject to any set-off, discount or counter-claim The judgment of December, 1895, was only void as to those defendants who were not before the court. Appellants contend that appellees should have been required to sue the representative of the estate first; that they had no right to sue the heirs until they had done that, and refer to sections 2084 and 2085 of the Ken-

tucky Statutes, as authority for the contention. The authorities to support his principle would apply if Arch Webb and his wife had not placed this particular property in lien for the debt, and this being true they were not bound to exhaust the personal estate before proceeding to enforce their lien, unless some equitable reason be shown.

For these reasons, the judgment of the lower court is affirmed.