## McFarland v. Hudson et al.

(Decided Jan. 17, 1936.)

STEPHENS & STEELY for appellant.

R. S. ROSE, B. B. SNYDER, W. B. EARLY, L. O. SILER, and C. B. UPTON for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Whitley circuit court sitting in equity. On June 27, 1927, the appellant, Ancil McFarland, and his wife borrowed $500 from the First National Bank of Williamsburg, delivering their joint note, payable in six months, for this amount, to the bank, secured by a mortgage on a house and lot owned by McFarland in the city of Williamsburg. The note was renewed from time to time, and partial payments were made on the principal, with the result that on June 1, 1930, a renewal note in the sum of $275 was executed and delivered to the bank, secured by the same mortgage. In the fall of 1930 appellant became violently insane, and proceedings were had which resulted in his commitment to the Eastern State Hospital at Lexington. Thereafter, in March, 1931, the president of the First National Bank of Williamsburg, appellee E. S. Moss, was appointed committee for appellant; the appointment being based on the previous adjudication of insanity. Thereupon suit was filed by the bank against the appellant, his wife, and his alleged committee, to foreclose the mortgage on the house and lot belonging to appellant in Williamsburg. Summons was issued and served on appellant's wife in Whitley county and on his committee, and summons was likewise served at the asylum in Fayette county on Dr. W. R. Thompson. The following certificate appears on the summons:

"Patient Ancil McFarland, confined here, is very insane, and it would be detrimental to his best interest to serve court service on him.

"F. G. Larue, Superintendent,

"Eastern State Hospital,

"By W. R. Thompson, Assist. Supt."

The return on the summons served by the sheriff of Fayette county is as follows:

"Executed March 30, 1931, on Ancil McFarland by delivering it to Dr. W. R. Thompson, Assistant Superintendent of Eastern State Hospital for Insane, in whose care and custody the said Ancil McFarland is, a true copy of the within summons, Dr. Thompson having certified that it would be detrimental to said Ancil McFarland to serve summons on him."

The foreclosure suit was prosecuted to final judgment, and the property was appraised at $500 and sold for $435 to the appellee T. J. Hudson. Thereafter Hudson conveyed the property to the appellee Ezra Rains, who expended about $1,000 in making improvements, and a year or more later reconveyed the property to the original purchaser, appellee Hudson. After remaining in the Eastern State Hospital for about twenty-two months, appellant was released therefrom, and thereafter brought an action in the Whitley circuit court to have declared void the judgment under which he had been declared of unsound mind. That action was prosecuted through this court, and the entire inquest was declared void because of the failure strictly to follow the statute regarding inquests of insanity. McFarland v. Commonwealth, 249 Ky. 128, 60 S. W. (2d) 360. After the decision declaring the inquest to be void, appellant brought this suit against the appellee Hudson, the First National Bank of Williamsburg, E. S. Moss, who served as his committee, and Ezra Rains, asking that the judgment in the foreclosure proceeding be declared void and that he recover the property involved free from all liens except the sum of $275 with interest —the amount of the note he admitted owing the bank. By an amended petition, appellant brought in the wives of Hudson and Rains. By a second amended petition, he sought to recover excessive interest paid the bank pursuant to U. S. Rev. St., sec. 5197 (title 12, U. S. C. A., sec. 85). By a third amended petition, appellant set out that, pending the suit, the dwelling house on the property involved had been destroyed by fire and that T. J. Hudson had insurance in the sum of $1,500 on the house, and he asked that the court adjudge him a lien for the full amount of the policies. On final hearing, the court dismissed the petition, and appellant appeals, asserting here only a claim that he is entitled to the return of the property.

At the outset, it will be observed that under the repeated decisions of this court this proceeding is a collateral attack upon the judgment in the foreclosure proceeding. We have laid down the rule that an action which has for its purpose the accomplishment of any relief other than the setting aside of the judgment is not a direct attack. Gardner v. Howard, 197 Ky. 615, 247 S. W. 933, and cases there cited. As this is a collateral attack, we must presume that the judgment is

valid, and it will not be declared void unless that fact affirmatively appears from the record. The only basis on which it is asserted that the judgment in the foreclosure proceeding is void is that the appellant, McFarland, was never before the court by proper service of summons. It is not claimed that McFarland was not actually insane at the time of the service, but it is asserted that section 53 of the Civil Code of Practice was not strictly followed. It is argued that service under the circumstances could only be had upon the superintendent of the asylum, but it will be observed that subsection 2 of section 53 relates only to actions brought by the committee of the person of unsound mind against him. The foreclosure proceeding here involved was a suit, not by the committee, but by the appellee First National Bank. Subsection 2, therefore, does not apply. On the contrary, the dual service provided by the first part of section 53 was followed. It is not claimed that Dr. Thompson was not a physician having appellant "under charge or treatment" at the time of the service or that Dr. Thompson's certificate, quoted above, was not correct, and, in addition, it is admitted that service was had on appellant's wife in Whitley county, thereby completing the chain of steps necessary to bring appellant before the court. Gardner v. Howard, supra. It is true that the return on the summons does not affirmatively show that Mrs. McFarland was served as a representative of her husband. She was, however, plainly the proper person to be served. The object of the provision of the Code was accomplished by bringing her before the court and by notifying her of the pendency of the proceeding. While it would perhaps have been better to show service upon her as representative of her husband as well as individually, this is not essential. Webb v. Webb, 190 Ky. 574, 228 S. W. 13. Certainly such service is not open to objection in a collateral attack on the judgment.

Our conclusion renders unnecessary a consideration of the effect to be given to service on the committee appointed pursuant to the abortive inquest.

The judgment in the foreclosure suit is not open to the attack here asserted. It follows that the judgment of the chancellor is correct.

Judgment affirmed.