## Haas v. Kentucky Title Trust Co.

(Decided Nov. 17, 1936.)

BENJAMIN F. GARDNER for appellant.

OSCAR BADER and J. VERSER CONNER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

The appeal is from a judgment sustaining a demurrer to, and dismissing, the petition.

The facts pleaded are in brief as follows: Joseph W. Haas was the owner of real estate in Louisville on which the Kentucky Title Trust Company held a mortgage for $4,000, of which half had been paid. The prop-

erty was insured and the loss payable to the mortgagee. On November 17, 1933, the property was damaged by fire, and the loss, amounting to $875.53, was paid to the mortgagee. A few days later the mortgagee brought suit in the Jefferson circuit court to enforce payment of the balance due. Shortly thereafter it was agreed between Haas and the mortgagee that, if Haas would take $200 of insurance money and furnish the necessary materials and labor to repair the damage caused by the fire, the mortgagee would refinance the loan, accept a new mortgage, and dismiss the action. Haas took the $200 and furnished the remainder of the material and labor to put the property back in its former condition at a cost to him of $1,000, in addition to the $200 received. The mortgagee failed to comply with its terms to refinance the loan by acceptance of a new mortgage, and on November 26, 1934, took a judgment without plaintiff's knowledge, ordering the property to be sold, but Haas did not learn that the judgment had been rendered until shortly before the sale, and was unable within the limited time to procure a loan on the property. By reason of the breach of the agreement he was damaged in the sum of $3,921.62.

The court sustained the demurrer on the ground that the suit was a collateral attack on the judgment rendered in the action to enforce the mortgage lien. In opposition to the ruling, counsel insists that the claim sued on is not purely defensive, but a counterclaim within the meaning of section 17, Civil Code of Practice, and may therefore be made the basis of an independent action, though it might have been used as a counterclaim in the original action. While the argument is ably pressed, we are constrained to take a different view. In our opinion the Code provision has no bearing on the question. The breach of the agreement to refinance the loan and dismiss the action is the sole basis of appellant's claim. So long as the original judgment stands it is conclusive of the right to a judgment. The suit does not seek to set the judgment aside, but asks damages for fraud in its procurement. That this is a collateral attack on the judgment cannot be doubted. McFarland v. Hudson, 262 Ky. 183, 89 S. W. (2d) 877; Mussman v. Pepples, 232 Ky. 254, 22 S. W. (2d) 605.

It follows that the demurrer was properly sustained.

Judgment affirmed.