### Taylor et al. v. Howard et al.

January 23, 1948.

Joseph D. Harkins, Special Judge.

Woodward, Dawson, Hobson & Fulton and J. B. Wall for appellants.

H. C. Clay for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

The present action was instituted on October 15, 1936, by the widow and children of Britt Howard, deceased, against Park L. Taylor and Bertha Howard

Taylor, one of the children who refused to join in the action.

Britt Howard died intestate December 19, 1930. He left surviving him his widow, America Howard, two infant children, Bessie Howard and Asher Howard, Mary Lowe, wife of Ed Lowe, Lucy Shackleford, wife of Earl Shackleford, Verda Harris, wife of R. C. Harris, Lizzie Hunley, wife of Elvin Hunley, and Robert Howard.

Park L. Taylor was appointed and qualified both as administrator of the estate of Britt Howard, deceased, and as guardian for Asher Howard, age 18, and Bessie Howard, age 15.

On May 4, 1931, the First State Bank of Harlan, which held a mortgage on the property of Britt Howard, filed its action to recover $2,879.03.

Park L. Taylor filed a cross petition seeking recovery of certain sums of money he alleged that the estate owed him.

Judgment was entered giving the bank a first lien and Park L. Taylor a second lien on the property in question. The property was sold and on October 6, 1931, the master commissioner made his report showing the property was sold to Walter Taylor, brother of appellant, Park L. Taylor. However, before deed was made Walter assigned to Park and the court confirmed the sale and the deed was executed to Park L. Taylor.

The petition in the present action avers that there was no service of summons nor entry of appearance in either the original action by the First State Bank of Harlan or on the cross petition filed by Park L. Taylor. The relief which the plaintiffs seek in this present action is a cancellation of the deed to Park L. Taylor; the setting aside of the judgment under which the deed and sale were made; the allotment of dower to America Howard; and for an accounting against Park L. Taylor for rents and profits received from the lands since May 2, 1932, the date of the deed.

The evidence and pleadings together constitute a rather extensive record. The court below granted the relief sought by the plaintiffs, from which this appeal is prosecuted.

Appellants are rather insistent that the judgment should be reversed because the action as taken constitutes a purely collateral attack upon the judgment. In support of their position numerous cases are cited. We deem it unnecessary to discuss extensively the matters presented by appellant. It appears to us that appellant is attempting to place undue emphasis upon the incidental rather than upon the more important and significant relief sought herein. The primary and important relief sought is the cancellation of the deed and the vacation of the judgment. The other relief sought is incidental thereto. The attack made here was as direct as any attack could be made. It will be noted in the petition that the very first thing attempted was the vacation of the judgment. The fact that other consequential or additional relief was sought in no way operates to destroy the directness of the principal attack.

In Newsome et al. v. Hall, 290 Ky. 486, 161 S. W. 2d 629, 631, 140 A. L. R. 818, we said: "Nor was the action of Emmitt Hall against appellants a collateral attack on the default judgment. It was a direct action filed against the holder of that judgment in which it was alleged that the judgment was void by reason of fraud or mistake of the sheriff in certifying that he had delivered a copy of the summons to Emmitt Hall when in fact he had not done so. It is true that in addition to praying that the judgment be declared void and set aside Emmitt Hall also sought additional relief—he sought to set aside the execution sale made under the judgment and the deed executed pursuant to the execution sale. Before being entitled to this additional relief it was necessary, of course, that he be successful in his action to set aside the judgment. The primary purpose of his action and the main relief sought by it was the setting aside of the judgment and his action was a direct attack on the judgment for this purpose against the person in whose favor the judgment was rendered." The above was referred to and quoted in Hill v. Walker, 297 Ky. 257, 180 S. W. 2d 93, 154 A. L. R. 814. We, therefore, conclude that appellants' contention with respect to this point must fail.

Appellants next contend that even though this was a direct attack on the judgment, process was executed

on all the defendants or their appearance was entered. This question is by far the most difficult one.

Appellees, plaintiffs below, make the simple denial that no service was made upon them. The Sheriffs' returns show that all of the defendants were served in the original action of the Harlan Bank except Mary Lowe and Ed Lowe who entered their appearance admitting that the note sued on was a just claim against the estate of Britt Howard.

On the cross petition the Sheriff's return shows that all of the defendants were served except Mary Lowe, Ed Lowe, Lucy Shackleford, and Earl Shackleford, who entered their appearance and acknowledged the claim of the cross petitioner to be true as per the cross petition.

In addition to the simple denial that service had not been made on them, attempts were made to show some irregularities on the face of the summons such as that all the names did not have an X mark before them. As touching that matter, the Deputy Sheriff, R. C. Blair, testified that he made the return on the original summons and that he executed the summons in the case as stated in that return, and that the absence of the X mark does not indicate that the others had not been served. He stated that he scarcely ever checked the last ones he served on a return. To overcome the officers' returns, the party relying on non-service of the process must allege and prove fraud by the party benefited thereby, or mistake on the part of the officer. KRS 61.060. The burden, therefore, of impeaching the officer's official act rests definitely upon the plaintiffs. This must be by clear, positive, and convincing evidence. This rule is supported by a long line of decisions. It is also held mere denial of execution, unsupported by other evidence, is not sufficient to overcome the presumption of validity, and while the falsity or fraudulency of a return may be shown by the evidence, in so doing there must be more than just mere denials that service was made.

In the recent case of Igo v. Berea Realty and Finance Company, 300 Ky. 526, 189 S. W. 2d 733, 735, we said: "The wisdom of this is obvious. Judgments and other public records would be robbed of their stability

and permanence. This rule of conclusiveness certainly tends to the security of records, even though hardships may be now and then imposed.''

In addition to the above, it is evident and admitted that at least some of the defendants in the original action knew of the sale. By amended petition the plaintiffs in the present action allege that some of them knew of the sale but that the appellant, Park L. Taylor, agreed to take care of the matter and purchase the property and hold it only until he had received what monies were due him, and then return it to the estate. Considerable proof was taken relative to that particular allegation. The purpose of a summons is merely to give notice to the other party, and the fact that the defendants in the original action knew about the sale at least would be some indication that they might have been summonsed. We, therefore, conclude that the contention of the appellants must prevail in that there was service of summons or entry of appearance on all of the defendants.

This leads us then to the consideration of another important question raised. Appellants concede, and rightly so, that the judgment in favor of the First State Bank of Harlan, pursuant to which appellant purchased the land, was void as to Bessie Howard and Asher Howard, the infant defendants in the action of the First State Bank of Harlan. But they take the position that even though that judgment was void as to the infant defendants, it did not render the judgment void as to the adult defendants. This question is elaborately discussed in briefs for both parties. Were this an attempt upon the part of Park L. Taylor, who within the time to file exceptions to the sale had discovered that the judgment was void as to these infant defendants, the answer would be obvious. But here this attack is made after a lapse of four years, during which period appellant has been in possession, doubtless with the full knowledge of appellees.

It is fundamental that no judgment is valid unless the defendant therein is brought before the court and given an opportunity to be heard. This is based upon the oft quoted rule that litigants are entitled to their day in court. Judgments entered contrary to that prin-

ciple are of no effect. See Jasper v. Tartar, Judge, 224 Ky. 834, 7 S. W. 2d 236.

It is admitted herein that as affecting the infants the judgment was rendered without proof of the material allegations in the petition, and consequently, void as to them. Appellant, who purchased the land, quite frankly admits that the judgment is void as to these infant defendants. Consequently, their rights cannot be affected since they now have their proportionate interest in the property sold. Were the contrary true it would necessarily follow that the entire judgment must be invalidated. It follows then that the ultimate conclusion as to whether a judgment is void in its entirety depends largely upon the particular set of circumstances in each case. We have held that a judgment of sale may be valid as to some of the defendants and invalid as to some of the others. See Harris v. Crowder et al., 194 Ky. 489, 239 S. W. 788, and Webb et al. v. Trimble Bros., 143 Ky. 375, 136 S. W. 870.

We conclude, therefore, that since the adult appellees were before the court and had their day, the judgment of sale is valid as to them but void as to the infants named above. The court below should have so held.

This then brings us to the question of the refusal of the lower court to permit the filing of amended answer and counterclaim offered by appellants' attorneys after the submission of this action. In this proffered amended answer and counterclaim it was alleged that the two infant defendants never had any sort of title to more than ½ of the original Britt Howard land, since Britt Howard had conveyed approximately ½ of this land to his wife, America Howard, before his death and before the execution of the mortgages, to enforce which the decretal sale was held. The lower court sustained objection to the filing of this amended answer but made it a part of the record for purpose of appeal. Since the lower court adjudged that "Britt Howard, deceased, was the owner of the land described in the petition at the time of his death, and that his widow and heirs are now the owners thereof and entitled to possession of same," in the furtherance of justice the filing of this amendment should have been permitted. However, it might be said parenthetically that the refusal of the

414

lower court to permit the filing at that time was in accordance with the view taken by the court, and having taken that view, the amended answer presented an immaterial issue. Since we have held the judgment of sale valid as to America Howard, it becomes obvious that on a return of the case the amended answer should be filed in order that the two infant defendants may be awarded their proper interest in the land.

Wherefore, the judgment is reversed.