## Buskirk v. Joseph et al.

October 27, 1950.

W. R. Prater, Judge.

774

Clyde L. Miller for appellant.

Williams & Allen for appellees.

CHIEF JUSTICE SIMS—Affirming on appeal, reversing on cross-appeal.

This suit in equity was filed by appellees, Hager Joseph and wife against U. B. Buskirk, D. G. Sublett, R. L. Arnett, June Minix and Nannie Push under sec. 518 of the Civil Code of Practice to set aside an order of the Magoffin Circuit Court confirming a report of sale of 200 acres of land in Magoffin County, which was purchased by Sublett; and to cancel a deed Arnett, as master commissioner, made to Sublett; and to cancel a deed Sublett made conveying the land to Buskirk. The chancellor granted the relief sought and Buskirk appeals and appellees cross-appeal from so much of the judgment as decreed Buskirk should recover $300 from them.

Appellees have owned and resided on this 200 acre farm for more than thirty years. They executed a mortgage upon the property some time before 1938 in the sum of $85 to Nannie Push and June Minix, upon which they paid $16 on June 1, 1938. Subsequently, the mortgagees took a default judgment against appellees for the balance of $69 due on the debt, and the property was ordered sold to satisfy the lien. The judgment was taken in May 1941, but the master commissioner did not sell the property until April 1942, and during the interim appellees satisfied the judgment. Before the sale was made Hager Joseph accompanied by Nannie Push, one of the creditors and a plaintiff in the foreclosure action, went to Judge Chester Bach while he was presiding in the circuit court in which that action was pending, and Nannie Push told the Judge the debt had been paid in full and the judgment satisfied. To this Judge Bach replied, "All right, I will take care of it."

The mortgagors and mortgagees were inexperienced in legal matters and were of the impression that this settled the case and appellees did not know differently until in October 1945, when they leased their land for oil and gas and an investigation of the title revealed a judicial sale of this farm was had in 1942 and Sublett purchased it for $115. The property had been appraised for $800 and as it did not bring two-thirds of its appraised value, the debtors had the right of redemption, KRS 426.530, and the report of sale made by the master commissioner at the April term 1942 was not confirmed until the April term 1943. The day before the sale was confirmed and the deed ordered, the

master commissioner conveyed the property to Sublett, who on that same day, in consideration of $300 conveyed it to Buskirk, a nonresident, who had never been in Magoffin County and had never seen the property. Several witnesses testifying for appellees stated the property was worth $6000 at the time it was sold and one of them, a banker, stated it was worth $10,000 at the time he gave his deposition in March 1948. The proof shows that Hager Joseph and his brother inherited the land from their father and Hager paid his brother $2000 for an undivided one-half interest in it years ago.

The petition in the instant case stated the facts set out above, which are substantiated by appellees' proof. It further averred Sublett and Buskirk knew such facts but colluded with each other to defraud the Josephs of their farm and to put the title in Buskirk, a nonresident, who pretended to be an innocent purchaser for value.

Buskirk, a resident of West Virginia, filed a petition in the Magoffin Circuit Court to remove the action to the federal court on the ground that his co-defendants were not necessary parties to the action and were made defendants to prevent the action being removed to the federal court because of diversity of citizenship. The chancellor refused to remove the case to the federal court. Buskirk's general demurrer to the petition of appellees was overruled and he and Sublett filed seperate answers denying collusion, and Buskirk affirmatively averred that he was an innocent purchaser of the property for $300. The joint answer of Nannie Push and June Minix, the mortgagees, admitted appellees had satisfied their judgment before the land was sold. The answer of Arnett, the master commissioner, averred the sale was regular in every respect and denied collusion.

Appellant insists the chancellor erred: 1. In refusing to remove the case to the federal court; 2. in overruling his demurrer; 3. he was an innocent purchaser for value and was entitled to judgment on the merits of the case.

The circuit court did not err in refusing to grant appellant's petition for removal because Sublett, a resident of Kentucky, had a vital interest in the litigation. Sublett conveyed the property to Buskirk for $300 and upon the setting aside of that deed Buskirk, if he were

a purchaser in good faith as contended, might assert a claim against Sublett to recover the purchase money paid. For appellees to receive relief, not only the order confirming the master commissioner's report of sale must be set aside but the deed Sublett obtained from the master commissioner, as well as the deed to Buskirk must also be set aside. City Bond & Finance v. Grant, 8 Cir., 30 F. 2d 671.

Appellant admits that a direct attack may be made under sec. 518 of the Civil Code of Practice upon an order confirming a report of sale, Crawford v. Riddle, 241 Ky. 839, 45 S. W. 2d 463, but insists his demurrer to the petition should have been sustained because that pleading became a collateral attack upon the judgment when it asked that the deeds above mentioned be cancelled in addition to setting aside the report of sale.

We have cases holding that an action seeking relief other than the setting aside of a judgment is not a direct but a collateral attack thereon, some of which are Gardner v. Howard, 197 Ky. 615, 247 S. W. 933; Combs v. Deaton, 199 Ky. 477, 251 S. W. 638 and McFarland v. Hudson, 262 Ky. 183, 89 S. W. 2d 877. But we have held in Newsome v. Hall, 290 Ky. 486, 161 S.W.2d 629, 140 A. L. R. 818 and in Taylor v. Howard, 306 Ky. 407, 208 S. W. 2d 73, that where the primary relief was the setting aside of the judgment, the fact that incidental relief was asked in setting aside certain deeds did not divert the attack from a direct to a collateral one.

In the instant case, as in the Newsome and Taylor opinions, the attack was a direct one on the judgment and when it was set aside the deeds necessarily had to be cancelled. The petition in asking the incidental relief of cancelling the deeds after the judgment was set aside certainly did not make this proceeding a collateral attack and the chancellor did not err in overruling the demurrer to the petition.

The authorities relied upon by appellant are easily distinguished from the case at bar and Newsome v. Hall, 290 Ky. 486, 161 S. W. 2d 629, 140 A. L. R. 818 and Taylor v. Howard, 306 Ky. 407, 208 S. W. 2d 73. In McFarland v. Hudson, 262 Ky. 183, 89 S. W. 2d 877, the petition as three times amended not only asked that the judgment be set aside directing a sale of the mort-

gage property, but sought to recover the excessive interest paid on the lien debt as well as the value of the house on the property which was destroyed by fire.

In Gardner v. Howard, 197 Ky. 615, 247 S. W. 933, it was said that the action was started as a collateral attack since it sought an accounting and then asked that a judgment of sale be set aside. But an amendment was filed wherein the plaintiff elected to prosecute only the action to set aside the judgment and withdrew the averment asking an accounting and it was held the action was a direct attack. The Gardner opinion is cited in Mc-Farland v. Hudson, 262 Ky. 183, 89 S. W. 2d 877.

In Combs v. Deaton, 199 Ky. 477, 251 S. W. 638, the main relief sought in an ejectment action was the recovery of the land and as the effort to set aside the judgment in another branch of the litigation known as the "Strong Case" was an attempt to obtain relief in addition to the relief sought in the ejectment suit, it was held that the attack on the judgment in the "Strong Case" was collateral.

Appellant's case is strikingly weak on its merits. Appellees' petition averred the judgment was satisfied before the sale and the mortgagees, June Minix and Nannie Push, agreed no further proceedings would be taken under the judgment. The proof shows that Nannie in the presence of Hager Joseph told Judge Bach the judgment had been satisfied and the latter replied, "All right, I will take care of it."

It is difficult to imagine anything better calculated to throw appellees off guard or to lull them into a feeling of security than the words of Nannie and of Judge Bach. The 200 acre farm of appellees, worth from $6000 to $10,000, was sold without their knowledge and brought only $115. Appellees show a perfect defense to the sale of this farm—that the judgment had been satisfied in full prior to the sale. Justice cannot tolerate appellees being made the victims of the casualty and mistake they have suffered at the innocent hands of Nannie and Judge Bach. As we wrote in Hunter v. Hunt, 296 Ky. 796, 178 S. W. 2d 609, 612, "We think it obvious that the facts in this case cry aloud for any relief within our power to grant." Section 518 of the Civil Code of Practice was intended to and does furnish a remedy in such instances

as this and will be construed so as to grant a new trial and to prevent injustice which would otherwise occur without the remedy this section provides. Commonwealth v. Weissinger, 143 Ky. 368, 136 S. W. 875; Johnson v. Gernert Bros. Lumber Co., 255 Ky. 734, 75 S. W. 2d 357; Fillhardt v. Schmidt (Rardin's Adm'x v. Schmidt), 291 Ky. 668, 165 S. W. 2d 155.

We are not impressed by appellant's argument that he is an innocent purchaser. He never saw the land before or after he obtained a deed to it; was not certain of the amount he paid for it and testified Sublett was not able to pay for the land and he furnished the latter the amount of his bid so that Sublett could obtain the deed and then convey the property to him. Appellant never had the title to the property examined and Sublett's deed did not warrant the title. While this latter fact does not prevent appellant from being a bona fide purchaser for value, Swango v. Ky. Coal & Timber Development Co., 200 Ky. 522, 255 S. W. 114, yet in all the circumstances presented by this record the chancellor was justified in holding appellant was not an innocent purchaser for value.

Appellees cross-appeal from so much of the judgment as permits appellant to recover $300 from them. As there was no issue in the pleadings as to this item, it is manifest the judgment must be reversed on the cross-appeal. It is elementary that a judgment cannot properly adjudicate a matter not within the pleadings. Clark v. Logan County, 138 Ky. 676, 128 S. W. 1079, 1081; Wunderlich v. Scott, 242 Ky. 481, 46 S. W. 2d 753, 756; Dotson v. People's Bank, 234 Ky. 138, 27 S. W. 2d 673.

The judgment is affirmed on the appeal and reversed on the cross-appeal.