Herbert LEAMON et al., Appellants,

v.

Vada LEAMON, Appellee.

Court of Appeals of Kentucky.

May 24, 1957.

Joseph Martin, Edmonton, Cecil C. Wilson, Glasgow, for appellants.

Charles W. Huddleston, Robert L. Dowell, Edmonton, for appellee.

BIRD, Judge.

To properly appraise the judgment from which this appeal is taken we shall look into the manner in which it was conceived and delivered.

In 1955, Herbert Leamon and his wife, Lizzie, filed this action, 151, against Vada Leamon, his former wife, charging that she was in possession of his farm; that she would not leave; that he was the owner

in fee; that she was casting a cloud upon his title by her possession; and he in substance asked the court to declare his legal ownership and right to possession.

Vada filed a motion to dismiss the complaint, asserting that no claim was made upon which relief might be granted. Vada having filed no cross-appeal it will not be necessary to discuss the sufficiency of Herbert's pleadings.

Vada then filed an answer in which she pleaded a divorce judgment awarding her the full and complete use of the farm until the further orders of the court. This judgment was in full force and effect at the time action 151 was filed.

With that answer she filed a counterclaim in which she sought to recover $500 with which she had paid off a mortgage on the farm and $3,000 for permanent improvements on the property. This counterclaim was dismissed on Herbert's motion but the answer was allowed to remain in the record.

With the divorce judgment in effect, Herbert made a motion to modify it and restore him to possession. None of the pleadings in that case are in this record. Nevertheless, the trial court in the present action, 151, sustained Herbert's motion to modify the divorce judgment and, by the same order in action 151, awarded Vada $500 for the mortgage payment, $1,000 for her other rights in the property and $30.00 per month for the maintenance of a crippled son.

Vada's counterclaim having been dismissed, and there being no order of consolidation to bring the pleadings of the divorce case into this record, there is consequently no pleading whatsoever upon which the court could predicate the judgment entered. The record disclosing no issue by consent or waiver, it is mandatory that the judgment be warranted by the pleadings. Cecil v. Cecil's Ex'rs, 185 Ky. 787, 215 S.W. 794; Buskirk v. Joseph, 313 Ky. 773, 233 S.W.2d 524; Eddington's

Adm'x v. Eddington, 295 Ky. 548, 175 S.W. 2d 12.

The judgment, not being warranted by the pleadings, is reversed for proceedings not inconsistent with this opinion.