RENDERED:  DECEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1530-ME

WAYMAN ELLIOTT AND LAUREL
ELLIOTT                                                                          APPELLANTS


                        APPEAL FROM GREENUP CIRCUIT COURT
v.                      HONORABLE JEFFREY L. PRESTON, JUDGE
                        ACTION NO. 19-CI-00402


BOBBIE SMITH; BRUCE LUTE, II;
AND CABINET FOR HEALTH AND
FAMILY SERVICES                                                         APPELLEES


                        OPINION AFFIRMING IN PART,
                        REVERSING IN PART,
                        AND REMANDING

                        ** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

DIXON, JUDGE:  Wayman and Laurel Elliott (the Elliotts) appeal from the

Greenup Circuit Court judgment, entered November 16, 2020, dismissing their

petition for custody of a minor child and instead awarding custody to the child's

mother, Bobbie Smith (Mother).  After careful review of the briefs, record, and

law, we affirm the dismissal but reverse the award of custody and remand with directions.

## BACKGROUND AND PROCEDURAL HISTORY

On September 26, 2019, the Elliotts filed a petition seeking permanent custody of the minor child B.L. Therein, the Elliotts averred that: (1) the Cabinet for Health and Family Services (CHFS) had legal custody of the child, (2) they were the child's de facto custodians, having provided care for the three-year-old child since she was nine months old, and (3) the biological parents were unfit. Additionally, the Elliotts moved for temporary custody, which was granted, pending a hearing on October 2, 2019, before response time on either the petition or the motion had lapsed.

Thereafter, CHFS moved to dismiss the petition arguing, among other claims, that the Elliotts lacked standing pursuant to *Swiss v. Cabinet for Families and Children*, 43 S.W.3d 796 (Ky. App. 2001). This motion was later withdrawn, and CHFS then filed an answer denying that the Elliotts qualified as de facto custodians, but not objecting to their request for custody. On July 6, 2020, Mother filed a letter, which she requested be treated as a petition for full custody, but which was docketed as a motion.

After a hearing, the court entered its judgment on November 16, 2020. Citing *Swiss*, the court concluded that the Elliotts did not qualify as de facto

custodians due to their former status as foster parents, and that while it was in the child's best interest to remain with the Elliotts, the court was required by virtue of Mother's superior right to custody, which had not been waived or forfeited due to a lack of fitness, to grant her custody. The court then dismissed the Elliotts' petition and awarded custody to Mother.

The Elliotts moved to alter, amend, or vacate the judgment pursuant to CR[1] 59.05, as well as to stay enforcement pending appeal. Said motions were denied, and this appeal timely followed. Thereafter, this Court granted the Elliotts' motion for emergency and intermediate relief, pursuant to CR 76.33, and ordered that the child be returned to their care pending disposition of this appeal.

Prior to briefing, CHFS moved to supplement the record on appeal with the dependency, neglect, and abuse (DNA) proceedings[2] which had resulted in the child's commitment to CHFS and her placement with the Elliotts. Our Court granted the motion, over Mother's objection, relying on the trial court's order approving the supplementation. The DNA record was certified, but not transmitted to this Court. Mother now moves to exclude the DNA proceedings from the appellate record. No response has been filed.

---

[1] Kentucky Rules of Civil Procedure.

[2] Greenup Circuit Court, Case No. 16-J-00107-001.

-3-

Having reviewed the final hearing–wherein the circumstances of the DNA proceedings were referenced during the testimony of the witnesses but the record itself was neither introduced nor judicial notice taken–we agree with Mother that it should be excluded from the appellate record. *See Lucas v. Lucas*, 720 S.W.2d 352, 353 (Ky. App. 1986) ("A party cannot utilize [the civil rules] to include evidence in the record on appeal if that evidence was not first placed before the fact-finder during trial."). The motion is, therefore, granted by separate order, and we will refer solely to the record from the custody action.

## STANDARD OF REVIEW

We review a court's findings of fact under the clearly erroneous standard and will only reverse if the findings are not supported by substantial evidence. CR 52.01; *Black Motor Co. v. Greene*, 385 S.W.2d 954, 956 (Ky. 1964). We review the court's legal conclusions de novo. *Nash v. Campbell Cty. Fiscal Court*, 345 S.W.3d 811, 816 (Ky. 2011).

## ANALYSIS

The Elliotts argue the court erred in finding they lacked standing to seek custody where (1) they qualified as de facto custodians, (2) CHFS and Mother waived their superior rights to custody, and (3) Mother was unfit. We need not explore the Elliotts' claims in depth because their position is unfortunately fundamentally flawed. We find it necessary to emphasize that at the time the

underlying action commenced, custody of the child was committed to CHFS. Therefore, any attempt to frame the matter as a custody action against Mother is inaccurate and cannot serve as a basis to establish standing by the Elliotts.

The Elliotts correctly assert, "non-parents may attain standing to seek custody . . . of a child *only if* they qualify as *de facto* custodians, if the parent has waived her superior right to custody, or if the parent is conclusively determined to be unfit." *Truman v. Lillard*, 404 S.W.3d 863, 868 (Ky. App. 2012) (emphasis added) (citing *Mullins v. Picklesimer*, 317 S.W.3d 569 (Ky. 2010)). Plainly, the latter two grounds for standing necessitate an action against a parent having custody, not CHFS, and the Elliotts have failed to cite a single source that would justify application under these facts. Likewise, the Elliotts' claim of standing by virtue of de facto custodianship, as defined by KRS[3] 403.270, also fails.

In *Swiss*, this Court held that KRS 403.270 does not permit custody actions to be brought against CHFS, as the plain language of the statute limits its application to actions arising between parents and one who qualifies as a de facto custodian. 43 S.W.3d at 798. The Elliotts argue *Swiss* is distinguishable because they ceased being foster parents in October 2019 when they were granted temporary legal custody of the child. However, such a distinction is fallacious where the Elliotts only gained temporary legal custody of the child through the

---

[3] Kentucky Revised Statutes.

very action which they had no standing to bring. To allow such a distinction would serve no purpose than to circumvent both precedent and the plain language of the statute. Accordingly, the trial court did not err in holding that the Elliotts lacked standing and dismissing the action.

Our analysis does not end here, however, as the trial court simultaneously awarded custody to Mother. CHFS argues the court erred by not returning the child to its custody, and we agree. As an initial point, it is axiomatic that the dismissal of the underlying action would vacate temporary custody orders and, by effect, custody would revert to the prior order of custody. *See* KRS 403.280(8). Accordingly, CHFS had legal custody of the child unless the prior order was superseded by a new, valid custody determination. We conclude it was not.

"As a general rule, 'a judgment cannot properly adjudicate a matter not within the pleadings.'" *Kentucky Ret. Sys. v. Foster*, 338 S.W.3d 788, 798-99 (Ky. App. 2010) (quoting *Buskirk v. Joseph*, 313 Ky. 773, 233 S.W.2d 524, 527 (1950)). Relevantly, a pleading is a complaint or answer. CR 7.01. Herein, the only pleading docketed was the Elliotts' petition, which was properly dismissed for lack of standing. As such, the trial court erred in ruling on Mother's request for custody as its judgment exceeded the pleadings.

-6-

Even were we to conclude that Mother's letter qualified as a pleading,[4] the trial court's award of custody is erroneous. The child was removed from Mother's custody as a result of DNA proceedings and committed to the custody of CHFS. Consequently, KRS 610.120 governs, and there is an expectation that the court, with CHFS involvement, will determine whether the commitment should be terminated.[5] Herein, the court failed to apply the correct law and awarded Mother custody seemingly by default of finding that the Elliotts did not have standing. Such a result is untenable.

## CONCLUSION

Therefore, and for the foregoing reasons, we AFFIRM the dismissal of the Elliotts' custody petition and REVERSE the award of custody and REMAND the matter to the Greenup Family Court for proceedings consistent with this Opinion. Nothing in this Opinion precludes CHFS from exercising its authority to continue the placement with the Elliotts, should the agency so choose.

---

[4] While the record conclusively forecloses finding that Mother's filing satisfies the requirements of CR 3 to be considered a complaint, where summons was not issued, it is unclear whether it could be construed as an answer and counterclaim. We note the record does not demonstrate that Mother was served, much less when.

[5] KRS 610.120(1)-(2) provides that "an order of commitment . . . made by the court in the case of a child may be terminated at any time[.] Grounds for such an action may include . . . that there has been a substantial change of material circumstances, there exists new evidence affecting the disposition of the child, [or] the child is no longer in need of commitment[.] [CHFS] shall divulge and communicate such information regarding the child as the court may require."

ALL CONCUR.

BRIEF FOR APPELLANTS:

Tracy D. Frye
Marie E. Troxler
Russell, Kentucky

BRIEF FOR APPELLEE CABINET
FOR HEALTH AND FAMILY
SERVICES:

Matthew Perdue
Ashland, Kentucky

BRIEF FOR APPELLEE BOBBIE
SMITH:

Robert T. Renfroe
Greenup, Kentucky