RENDERED: AUGUST 12, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1188-MR

TEISHA MCKENZIE AND
JOHNATHON HUTSON                                                       APPELLANTS


v.          APPEAL FROM CARTER FAMILY COURT
            HONORABLE DAVID D. FLATT, JUDGE
            ACTION NO. 20-CI-00064


HELEN DONATHON AND JAMES
DONATHON                                                                 APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  DIXON, McNEILL, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  Teisha McKenzie and Johnathon Hutson (collectively

parents) appeal from the order and judgment entered by the Carter Family Court on

August 24, 2020 (the order), awarding joint custody of their minor child, K.H.

(child), to parents and Helen Donathon and James Donathon (collectively the

Donathons).  We conclude that because the family court ruled that the Donathons

lacked standing to pursue custody of child as *de facto* custodians under Kentucky Revised Statutes (KRS) 403.270(1)(a), it erred in proceeding to consider whether parents waived their superior right to custody and granting the Donathons joint custody with parents on that basis. Therefore, we reverse and remand with instructions to dismiss the Donathons' petition without prejudice.

On February 26, 2020, the Donathons, who are child's maternal great-grandparents, filed a petition for custody in the family court. Their petition alleged they were child's *de facto* custodians and, in that capacity, sought custody of him. They alleged child had lived with them since he was approximately eight months old and that parents, who were never married, failed to provide for him and were incapable of caring for him. On March 2, 2020, parents filed a motion to dismiss. They argued the Donathons lacked standing to seek custody of child. In support of their motion, parents filed an affidavit in which they disputed the allegations in the Donathons' petition. They stated, among other things, that they have cared for child the majority of the time and simply used the Donathons as babysitters.

The family court scheduled an evidentiary hearing for March 11, 2020. At the beginning of the hearing, the judge stated the purpose of the hearing was to determine if the Donathons qualified as *de facto* custodians. Helen and Teisha testified. In addition, the judge interviewed child in his chambers. During

Teisha's testimony, the Donathons objected to parents' use of certain documents that had not been previously produced, so the family court continued the hearing.

On July 31, 2020, the hearing resumed; however, there is no recording of the hearing.[1]  The only recording from that day consists of the family court's oral findings.  The family court found that the Donathons did not prove they were child's *de facto* custodians, and then found "it has been established through the testimony that the natural parents have waived the superior right to custody by ceding the majority of the parental care of the child to the Petitioners for an extended period of time."

The written order, which was only three pages long, devoted one paragraph to its conclusion that the Donathons were not child's *de facto* custodians and one paragraph to its conclusion that parents had waived their rights, which we provide in full:

> 1. The Court concludes that Petitioners have not
>    established the requisite factual elements to be

---

[1] Parents argue that Johnathan, and other witnesses parents called, testified during this time and that "[t]his testimony was a crucial part of [parents'] case[.]"  However, as the Donathons have pointed out, parents failed to take any steps to preserve and present this testimony through other means, such as pursuant to Kentucky Rules of Civil Procedure (CR) 75.13.  CR 75.13 provides for the preparation of a narrative statement "[i]n the event no . . . electronic record of the evidence or proceedings at a hearing . . . was made[.]"  If parents had followed the process set out in the Rule, the narrative statement as approved by the family court would have been included in the record on appeal.  We urge parties to take appropriate steps to present a complete record on appeal.  While the matter was already pending on appeal at the time that it was discovered this portion of the hearing was not recorded, parents could have appropriately requested that the pending appeal be put in abeyance and the case remanded back to the family court so that parents could proceed with submitting a narrative statement in accordance with the CR 75.13 process.

adjudicated as de facto custodians of the minor child, K.H., since they, while having provided support for him in a significant way, have not been the sole providers of the support and care of the minor child, K.H.

2. The Court does conclude, however, that the Respondents, the natural biological parents of the minor child, K.H., have waived any superior right to custody, by having ceded responsibility to the Petitioners, great-grandparents of K.H., for the bulk of his care and support including making decisions for his schooling and medical needs and who have provided significant living arrangements for K.H. and provided financial support for him.

Thereafter, the court considered the best interest factors and determined pursuant to KRS 403.270(2) it was in child's best interest for there to be joint custody between Teisha, Johnathon, and the Donathons, and established a timesharing schedule in which child would spend time with all of them.

On appeal, parents argue the family court erred in finding they waived their superior rights to custody of child. Specifically, they argue that the Donathons never pled waiver and that the family court's finding of waiver is clearly erroneous. The Donathons argue that the family court's finding of waiver is supported by the evidence and that if evidence is missing from the record, it is presumed the family court's decision is supported by the evidence. The Donathons also argue that parents failed to properly preserve the issues they now raise on appeal.

Before discussing the parties' arguments, we must first address the deficiencies in their briefs. As the Donathons argue, parents failed to include a statement in their argument showing where and in what manner each issue was preserved for review. CR 76.12(4)(c)(v). "It goes without saying that errors to be considered for appellate review must be precisely preserved and identified in the lower court." *Skaggs v. Assad, ex rel. Assad*, 712 S.W.2d 947, 950 (Ky. 1986). The Donathons' brief, however, is also deficient. Specifically, the Donathons violated CR 76.12 because their counterstatement of the case is devoid of citations to the record and impermissibly includes argument. CR 76.12(4)(d)(iii). Also, in violation of CR 76.12(4)(d)(iv), the Donathons' argument contains no citations to the record or to applicable authority. *See Koester v. Koester*, 569 S.W.3d 412, 414 (Ky.App. 2019) (explaining "[a]ssertions of error devoid of any controlling authority do not merit relief.").

"The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky.App. 2007). While the Court could impose sanctions for the parties' failures to comply with CR 76.12, because this case involves the custody of a minor child we elect to look past these failures and to proceed without sanction against either party. *K.M.J. v. Cabinet for Health and Family Services*, 503 S.W.3d 193, 196

(Ky.App. 2016). We do so trusting that counsel will comply with the mandates of CR 76.12 in future appeals.

In child custody cases, we review a trial court's findings of fact for clear error and its application of law *de novo*. *Burgess v. Chase*, 629 S.W.3d 826, 831 (Ky.App. 2021); CR 52.01.

We first address the Donathons' argument that parents failed to preserve their argument that the family court erred by awarding custody based upon a ground, waiver, that was not pled by the Donathons. Even if we were to accept their argument as true, unpreserved error may still be reviewed for manifest injustice. CR 61.02 provides:

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

As explained below, we determine under these circumstances that even when reviewing for manifest injustice, the family court's order must be reversed.

Next, we address parents' argument that the family court erred by finding they waived their superior parental right to custody of child. "Parents of a child have a fundamental, basic, and constitutional right to raise, care for, and control their own children." *Mullins v. Picklesimer*, 317 S.W.3d 569, 578 (Ky. 2010). It is "perhaps the oldest of the fundamental liberty interests recognized by

-6-

[the United States Supreme Court]." *J.S.B. v. S.R.V.*, 630 S.W.3d 693, 701 (Ky. 2021) (quoting *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49 (2000)).

> When a non-parent does not meet the statutory standard of de facto custodian in KRS 403.270, the non-parent pursuing custody must prove either of the following two exceptions to a parent's superior right or entitlement to custody: (1) that the parent is shown by clear and convincing evidence to be an unfit custodian, or (2) that the parent has waived his or her superior right to custody by clear and convincing evidence.

*Picklesimer*, 317 S.W.3d at 578 (footnote omitted). *See Truman v. Lillard*, 404 S.W.3d 863, 868 (Ky.App. 2012). As explained in *J.S.B.*, 630 S.W.3d at 703, the *Picklesimer* Court "unequivocally relaxed the previously stringent standard regarding what may constitute parental waiver. It held, as a matter of first impression, that waiver can and should apply in certain situations where a child has not been 'fully surrendered' to a nonparent[.]"

Here, the Donathons claimed they were child's *de facto* custodians, and they sought custody of child only in that capacity. They did not plead that child's parents waived their rights to custody of child in whole or in part. *Compare with J.S.B.*, 630 S.W.3d at 700 (explaining stepfather pled alternative grounds for custody).

The family court stated at the beginning of the hearing that the hearing's purpose was to determine if the Donathons were *de facto* custodians of

-7-

child.  Despite this, the family court, *sua sponte*, found on July 31, 2020, that parents had waived their superior parental rights to custody of child.  Nothing in the record indicates that parents expressly or impliedly consented to trying the issue of waiver.  *See generally* CR 15.02; *Traylor Bros., Inc. v. Pound*, 338 S.W.2d 687, 688-89 (Ky. 1960).  There is also no evidence in the record that the Donathons moved to amend their petition to include a claim of waiver.  While we may assume evidence in the unrecorded portion of the hearing supports the family court's ruling that the facts established that waiver occurred, we will not assume that during that time the Donathons requested and were granted the opportunity to orally amend their pleadings to include waiver as a ground for custody or that parents consented to this untimely amendment.  Indeed, the Donathons do not contend that anything of this nature took place.

It is fundamental that a judgment cannot properly adjudicate an issue that was not pled.  *See Buskirk v. Joseph*, 313 Ky. 773, 779, 233 S.W.2d 524, 527 (1950) ("As there was no issue in the pleadings as to this item, it is manifest the judgment must be reversed on the cross-appeal.  It is elementary that a judgment cannot properly adjudicate a matter not within the pleadings."); *see also Transit Authority of River City (TARC) v. Montgomery*, 836 S.W.2d 413, 416 (Ky. 1992) ("the judge should leave to the lawyers the development of the case and be cautious and circumspect in his participation and conduct").  The family court's

finding that the Donathons failed to prove they were *de facto* custodians meant they could not prevail on the only claim for relief stated in their petition – their request to obtain custody of child. The family court should have dismissed the Donathons' petition because they lacked standing. *See Cherry v. Carroll*, 507 S.W.3d 23, 28 (Ky.App. 2016) (holding petitioner who sought custody as a *de facto* custodian had no standing to seek custody upon determination he did not meet requirements for *de facto* custodian status).

We conclude the family court committed palpable error in raising, *sua sponte*, the issue of waiver to cure the Donathons' lack of standing to contest custody and then basing its award of custody on that ground. We further conclude that such error resulted in manifest injustice because it affected parents' rights to custody of their minor child.

Furthermore, even had the issue of waiver been appropriately before the family court, we have serious concerns as to whether it received all due consideration from the family court. It concerns us that the family court failed to mention the relevant standard required for it to conclude that parents had waived their rights (in either its oral pronouncement or written order), and instead largely focused on child's best interests.

As explained in *Picklesimer*, 317 S.W.3d at 578:

-9-

"The common definition of a legal waiver is that it is a voluntary and intentional surrender or relinquishment of a known right, or an election to forego an advantage which the party at his option might have demanded or insisted upon." *Greathouse v. Shreve*, 891 S.W.2d 387, 390 (Ky. 1995) (quoting *Barker v. Stearns Coal & Lumber Co.*, 291 Ky. 184, 163 S.W.2d 466, 470 (1942)). "Because this is a right with both constitutional and statutory underpinnings, proof of waiver must be clear and convincing. As such, while no formal or written waiver is required, statements and supporting circumstances must be equivalent to an express waiver to meet the burden of proof." *Vinson v. Sorrell*, 136 S.W.3d 465, 469 (Ky. 2004) (quoting *Greathouse*, 891 S.W.2d at 390-91).

In order to find waiver, our Courts have provided relevant but non-exhaustive factors to be considered. *See Penticuff v. Miller*, 503 S.W.3d 198, 203 (Ky.App. 2016). Thereafter, elements of waiver require findings that such waiver was "knowing, voluntary, and intentional" and these elements "must be established by clear and convincing evidence." *Id.* at 205. Only after it is determined that parents have waived their superior right to custody, should the best interests of the child standard be applied in determining custody. *Greathouse*, 891 S.W.2d at 390.

As was the case in *Vinson*, 136 S.W.3d at 469, "the best interest of the child test appears to have been the decisional basis rather than the clear and convincing evidence standard required in custody disputes between parents and non-parents." *See Fitch v. Burns*, 782 S.W.2d 618, 622 (Ky. 1989) (raising concerns although the decision was reversed on other grounds that the wrong

-10-

standard may have been applied as the family court failed to specify the standard it was applying).

A family court should not blithely undertake to grant custody based on waiver without a full and complete consideration of the facts under the clear and convincing standard. As noted in *Truman*, 404 S.W.3d at 870, "[n]ot every person who genuinely loves and cares for a child gains custodial rights; waiver requires significantly more."

For the foregoing reasons we reverse the family court's order and remand the case with instructions for the family court to dismiss the Donathons' petition, without prejudice, for lack of standing.


ALL CONCUR.



BRIEF FOR APPELLANT:            BRIEF FOR APPELLEE:

Ira Scott Kilburn                        W. Jeffrey Scott
Salt Lick, Kentucky                    Grayson, Kentucky